### BILLINGS *v.* DOBBINS.

WILLS—CONSTRUCTION—INTENT.

Where a will disclosed a fixed purpose of testator to retain in his heirs control of a certain company, and for that purpose provided that the amount of stock going to one of his sons should be held in trust for him, the income only to be paid to him annually, and also provided that dividends accruing from stock should not be treated as income but as corpus of the estate, a stock dividend was properly held in trust for said son, since to have turned it over to him absolutely would have defeated the plain intent of testator.

Appeal from Calhoun; North (Walter H.), J. Submitted October 17, 1922. (Docket No. 103.) Decided December 29, 1922.

Bill by Charles H. Billings and another, executors of the last will of Samuel F. Dobbins, deceased, against Samuel F. Dobbins, Jr., and others for a construction of said will. From the decree rendered, defendant Samuel F. Dobbins, Jr., appeals. Affirmed.

*Burritt Hamilton,* for plaintiffs.

*James W. Mackey,* for appellant.

SHARPE, J. Samuel F. Dobbins, late of the city of Marshall, executed a last will and testament on December 28, 1911. He died on February 21, 1917. In the sixth paragraph of the will he provided that all his estate, except as to sums theretofore specifically bequeathed, should be turned over to plaintiffs as trustees, to be administered as thereafter provided. In the ninth paragraph he directed that—

On validity and effect of provisions in will to control voting power of corporation, see note in 9 A. L. R. 1242.

"the net rents, issues and profits arising from said trust estate (except dividends, if any, paid upon the stock of the Marshall Furnace Co. belonging to said estate), be divided equally, share and share alike, in each year, among Dale M. Dobbins, Charles W. Dobbins and Samuel F. Dobbins, Jr., my said three sons,"

with provision in the event of their death. The paragraph concluded:

"All dividends accruing to my said trust estate from stock by it held in said Marshall Furnace Company shall be treated as a part of the corpus of said estate, and shall not be included in the annual distribution above provided, but shall be placed upon interest as hereinafter provided, and the interest arising therefrom shall be included in computing and making up the sum for such annual distribution."

The eleventh paragraph reads as follows:

"At the end of a period of five (5) years after the date of my decease, I hereby direct that forty-five (45) per cent. of the stock of said Marshall Furnace Company, of which I may die seized or possessed, and then belonging to said trust estate, shall be apportioned as follows: One-third (1/3) of said forty-five (45) per cent. of the said stock shall be immediately assigned and delivered by my said trustees to my son, Dale M. Dobbins, to then become his absolute property; one-third (1/3) of said forty-five (45) per cent. of said stock shall be immediately assigned and delivered by my said trustees to my son, Charles W. Dobbins, to then become his absolute property; one-third (1/3) of said forty-five (45) per cent. of said stock shall be immediately set aside (but shall not be assigned), and the income therefrom shall thereafter be paid annually by my said trustees to my said son, Samuel F. Dobbins, Jr., during his lifetime (but the said stock shall not become his property), and upon the decease of my said son, leaving issue him surviving, said stock shall be by my said trustees immediately assigned and delivered absolutely to such surviving issue of my said son, Samuel F. Dobbins, Jr. In case said Samuel F. Dobbins, Jr., shall leave no issue him surviving, then, upon his decease, the said stock shall be immediately

transferred and delivered by my said trustees to my sons, Dale M. Dobbins and Charles W. Dobbins, in equal shares, or to the survivor of them if either of them shall have deceased without issue; and in case either of them shall have deceased, leaving issue, then such issue shall take the share of such deceased son by right of representation.    In case either said Dale M. Dobbins, or said Charles W. Dobbins shall decease without surviving issue prior to said forty-five (45) per cent. of apportionment of said stock, then the survivor of them shall receive the portion of stock which otherwise would have been taken by such deceased son.    In case of death of either said Dale M. Dobbins or Charles W. Dobbins, leaving issue, then such issue, if still surviving, shall take the share of his father by right of representation."

The fourteenth paragraph reads:

"I further direct my executors hereunder and my said trustees not to sell or otherwise dispose of any of the stock of said Marshall Furnace Company forming a portion of said trust estate, except in the event that such sale shall be absolutely necessary to meet the debts and necessary expenses of said estate after all other available assets thereof, of every nature whatsoever, shall have first been exhausted."

At the time of his death testator owned 1,070 shares of stock in the Marshall Furnace Company.    On February 21, 1922, when the five-year period mentioned in the eleventh paragraph of the will expired, one-third of 45 per cent. of this stock (160.5 shares) was set apart as a separate trust fund, the income of which was payable to Samuel F. Dobbins, Jr.    On May 24, 1922, a stock dividend of 30 per cent. was declared from surplus accumulated prior to February 21st of that year, no profits having been made between those dates.    The plaintiffs, as trustees, seek direction as to the manner in which this stock dividend shall be dealt with by them.    Samuel F. Dobbins, Jr., claims that it is to be treated as income upon the stock held in trust for him and as such turned over to him by

the trustees. The two brothers, though not made parties, appeared voluntarily and express consent that it be so treated. The trial court held that the stock dividend belonged to the corpus of the trust fund, to be held intact for the remaindermen. The decree, in accordance with this holding, provided:

"That said 48.15 shares arising from said stock dividend be held together with, and as a part of, said separate trust fund of one hundred sixty and one-half (160½) shares in the hands of said trustees, and that said defendant be paid the dividends arising thereon, if any, hereafter declared and paid thereon out of profits of said Marshall Furnace Company earned subsequently to the 21st day of February, 1922, for and during the period of his natural life, and that the corpus of said separate trust fund so constituted, aggregating 208.65 shares, be held by said trustees, intact, for the benefit of the remaindermen, as in said will provided."

Samuel F. Dobbins, Jr., appeals.

Counsel agree that if application of the dividend be made as matter of law, the authorities, as pointed out in *Poole* v. *Union Trust Co.*, 191 Mich. 162 (Ann. Cas. 1918E, 622), are not in harmony. But they also agree, as was there held, that the application should be made by reference to the will itself if the intent of the testator can be ascertained therefrom. In the ninth paragraph specific provision is made as to what shall be done with "dividends accruing" from stock of the furnace company held by the trustees. It "shall be treated as a part of the corpus of said estate." The interest thereon was to be included in making up the annual sum to which each of the three brothers was entitled by distribution. Each of them would receive the same distributive share. In the eleventh paragraph provision is made for the distribution of 45 per cent. of the stock held in the furnace company "at the end of a period of five years" after the death of

the testator. The trustees then held 1,070 shares of such stock; 45 per cent. thereof was 481.5 shares. Dale and Charles were each entitled to, and the trustees assigned and delivered to each of them, 160.5 shares. The desire that the three brothers should receive the same amount of income is again clearly apparent. The remaining 160.5 shares are set apart in a separate trust fund, the income therefrom to be "paid annually" to Samuel. The only preference accorded to Dale and Charles over Samuel was in the vesting of the title in them of the shares assigned to them. They might, if they so chose, dispose of them at any time. The only money income which could be received from this stock was the amount of the cash dividends which might from time to time be paid by the furnace company.

Without discussing or deciding whether a stock dividend is income, we are impressed that the income to which Samuel was entitled from the stock held in trust by the trustees was cash income only. It was the purpose of the testator to provide for the subsistence of this son by securing to him the moneys which the trustees should receive as income or profits from the stock set aside for that purpose. The entire will discloses a fixed purpose on his part to so provide that the stock of the furnace company shall be kept by the trustees during the five-year period, and thereafter by them and his sons Dale and Charles so that control of the affairs of the furnace company by them should at all times be secured. This purpose is evidenced by the tenth paragraph in which he attempted "to create and direct a testamentary voting trust," the legal effect of which was considered in *Billings* v. *Marshall Furnace Co.*, 210 Mich. 1 (9 A. L. R. 1239), wherein this section is quoted. It seems clearly to have been his intent that Samuel should not have any of this stock within his control so that it might be disposed of by him. To hold that he was

entitled to the stock issued as a dividend would place him in a position to dispose of it and thus defeat the plain intent of the testator as evidenced by a consideration of the entire will.

The decree is affirmed. No costs are allowed. The costs and expenses of the trustees on this appeal will be paid out of the general trust fund of said estate in their hands as an expense of administration.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, BIRD, and STEERE, JJ., concurred. MOORE, J., did not sit.