### MARY B. TRUMBULL *vs.* GEORGE F. TRUMBULL.

Suffolk.    March 11, 1889. — May 10, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Devise — Rule in Shelley's Case — Life Estate — Estate Tail — Statute.*

Under the Rev. Sts. c. 59, § 9, (Pub. Sts. c. 126, § 4,) providing that "when lands are given by deed or will to a person for his life, and after his death to his heirs in fee, or by words to that effect, the conveyance shall be construed to vest an estate for life only in such first taker, and a remainder in fee simple in his heirs," a devise of land to G. B. T. "to have and to hold to him for life and to his lawful issue forever, if he shall die leaving any such issue; but in case he shall decease without leaving such issue" then to others named, "to be equally divided between them, share and share alike, and to their heirs and assigns forever," vested an estate for life only in G. B. T.

WRIT OF DOWER, dated November 2, 1886, by the widow of George B. Trumbull, against his sole heir at law. Trial in the Superior Court, without a jury, before *Barker*, J., who ruled that the demandant was not entitled to dower in the lands described in the writ, and found for the tenant, and reported the case for the determination of this court, in substance as follows.

Susan Bryant, the former owner of the lands in question, died in 1848, and her will, which was dated March 3, 1847, after providing among other things for the support and education of her "adopted son, George Bryant Trumbull," who was described as the minor child of her sister, Catherine Trumbull, and her sister's husband, James Trumbull, contained the following provision:

" Sixth.    I give, devise, and bequeath to my said adopted son, the said George Bryant Trumbull, all the rest and residue of my estate, real and personal and mixed, of which I may die seised or possessed, or in which I may have any right, and wheresoever found, to have and to hold to him for life and to his lawful issue forever, if he shall die leaving any such issue; but in case he shall decease without leaving such issue, then I give, devise, and bequeath all the said rest and residue of my said estate, real, personal, and mixed, to Harriet Trumbull, Julia Trumbull, and Catherine Trumbull, children of James and Catherine Trumbull before named, to be equally divided between them, share and share alike, and to their heirs and assigns forever."

George B. Trumbull, by himself or his tenants, occupied the lands in question, which passed to him under the above clause of the will, from the time when he became of age until he died, on November 1, 1883, intestate, leaving a widow, the demandant, and one child only, the tenant, who was in possession of the lands in question.   Harriet, Julia, and Catherine Trumbull, the persons named in the sixth clause of the will, survived the testatrix, and were either living at the death of George B. Trumbull, or had heirs other than him.

If the ruling and finding were correct, judgment was to be entered on the finding for the tenant; otherwise, such judgment was to be entered as justice might require.

*T. J. Morrison*, for the demandant.

*J. O. Teele & J. R. Smith*, for the tenant.

DEVENS, J.    The question presented by the case at bar is whether George B. Trumbull, the husband of the plaintiff, took a life estate only in the property in which she claims dower, or an estate tail.    In the latter case the plaintiff would now be entitled to dower.    It would also follow that George B. Trumbull could by deed have alienated the property, so that he could have deprived his issue and the sisters who, in a certain contingency, were entitled to it, of any estate therein.

Whether words importing a failure of issue of him to whom an estate is first given import an indefinite failure of issue, or a definite failure at the death of the first taker, determines what estate has been given to him.    It is only when they should receive the former construction that an estate tail is created.

A devise to one, and if he die without heirs of his body then over to another, would create an estate tail in the first taker, whatever the actual intention of the testator might have been; but words qualifying such a devise, and showing that the testator had in mind a definite failure of issue at the decease of the first taker, and made provision for that contingency, would defeat such a construction. *Schmaunz* v. *Göss*, 132 Mass. 141.

We shall not find it necessary, in the view we take of the statutes of Massachusetts, to determine whether at common law it would be held, on the language of the devise now in question made to George B. Trumbull, that an indefinite failure of issue only was intended, upon which the estate was to go to his sisters so that an estate tail in him was created with remainder to his sisters in fee, or whether a definite failure was intended, upon the occurrence of which the estate given to his sisters was to be substituted for that given to his issue.

The rule in *Shelley's case* was, that when an estate of freehold is limited to a person, and in the same instrument there is a limitation, either mediate or immediate, to his heirs or the heirs of his body, the word "heirs" is to be taken as a word of limitation, or, in other words, the ancestor takes the whole estate comprised in these words; if it be to the heirs of his body, a fee tail; if to his heirs, a fee simple. 1 Co. 93 a. 1 Powell on Devises, 429. The construction given to the words "children" and "issue" is that which is given to the words "heirs of the body." Report of Commissioners on Rev. Sts. c. 59, § 9. This rule was abolished in Massachusetts, so far as devises are concerned, by the St. of 1791, c. 60. In the Revised Statutes this change was extended to conveyances by deed. It was a rule of property, and not of construction, and therefore no declaration, however unequivocal, when an estate was thus created, that the ancestor should have an estate for life only, or that his estate should be subject to all the incidents of a life estate, or that the heirs should take as purchasers, would be operative; the particular intent thus clearly expressed would have been compelled to yield to the general intent expressed by the creation of the estate and the devise be held accordingly. 1 Powell on Devises, 435. *Bowers* v. *Porter*, 4 Pick. 198.

The provisions of the Rev. Sts. c. 59, § 9, which were in force when the will of Susan Bryant became operative, are the same as those now found in the Pub. Sts. c. 126, § 4, and are as follows: " When lands are given by deed or will to a person for his life, and after his death to his heirs in fee, or by words to that effect, the conveyance shall be construed to vest an estate for life only in such first taker, and a remainder in fee simple in his heirs." It has been held that this statute was not intended to prohibit or restrain the creation of estates tail by apt and sufficient words, according to well established rules of law, so that when an estate is given *uno flatu* to one and the heirs of his body, either in express terms or by necessary implication, an estate tail is created, and the first grantee or devisee takes no more than an estate for life. *Parker* v. *Parker*, 5 Met. 134. *Wheatland* v. *Dodge*, 10 Met. 502. *Hayward* v. *Howe*, 12 Gray, 49. The statute does apply, however, when the devise is " in express terms or in substance and effect to the first taker for life, and was designed to give effect to the particular intent creating a life estate, to the exclusion of the general intent to create a fee tail, which the rule of the common law implied from a gift so expressed." *Hayward* v. *Howe*, 12 Gray, 49. *Bowers* v. *Porter*, 4 Pick. 198. *White* v. *Woodbury*, 9 Pick. 136. *Putnam* v. *Gleason*, 99 Mass. 454.

In the case at bar, the devise is not only in express terms to the first taker for life, but the intent of the testator clearly appears to provide for George B. Trumbull's issue, if he should leave issue, and, in the event of his dying without issue, to provide for his sisters. While the word " heirs " is not used in the devise, but " issue," the statute, employing the phrase or " by words to that effect," includes issue as among those who are to take in remainder after the first estate. It does not appear that the devisee for life had issue when the devise became operative. In any event it could not have been determined until his decease whether he would leave issue, nor who would be entitled to take as such. By the death of George B. Trumbull, leaving a son, the son takes an estate in fee at the termination of the life estate of George B., by virtue of the devise to him, as the sisters would have taken the same estate if there had been no issue living at the decease of George B.

The plaintiff further contends, that if the estate of the defendant be held to be one of purchase, as it remained uncertain until the death of the first devisee who would take the remainder until the death occurred, the inheritance of the real property was vested in George B. in common with his sisters (they being the heirs at law of the devisor), and thus that he was seised of a freehold under the devise and of a fourth part of an estate of inheritance, which by possibility might descend to his heirs. But there was no estate left for the heirs at law of Susan Bryant, the devisor, nor any contingency in which as such they could inherit. The sisters took a vested remainder after the life estate, subject to be devested if George B. should die leaving issue. If he left issue, the remainder became that of the issue; if otherwise, it remained to the sisters.

*Judgment on the finding.*