*In re* HUNTER'S ESTATE.

1. WILLS—CONSTRUCTION—INTENT.

    In construing a will, the intent of the testator should be gathered from the entire instrument, and effect given thereto.

2. SAME—CLASS OF RELATIVES.

    Where testator willed all of his property to his two sisters, "to have and to hold the same, their heirs and assigns forever," stating that he intentionally omitted all of his other relatives, *held*, that the intent to create a class of his relatives, viz., his sisters, to whom his property should go, is clearly expressed.

3. SAME.

    Where one of the sisters was dead at the time the will became effective, the survivor is *held*, to be entitled to the entire estate to the exclusion of the heirs of the deceased sister.

Case-made from Saginaw; Snow (Ernest A.), J. Submitted October 7, 1920. (Docket No. 35.) Decided December 21, 1920.

Ella J. Lee presented for probate the last will of Edmund Hunter, deceased. The will was allowed in the probate court, and William Bouck appealed to the circuit court. Judgment for proponent. Contestant appeals. Affirmed.

*Willis L. Lyons* and *Louis E. Howlett*, for appellant.

*Clarence Tinker* and *E. L. Beach*, for appellee.

MOORE, C. J. This litigation is in this court upon case-made after judgment. The facts are not in dispute. Edmund Hunter died February 16, 1917, possessed of real and personal property of the value of

approximately $16,000 after paying his debts. He left a last will dated the 22d day of July, 1913, containing the following:

"*Second.* I give, devise and bequeath all of my real, personal and mixed estate of every kind and name, whatsoever and wheresoever situated, to my two sisters, viz.: Mrs. Catherine Bouck of Howell, Michigan, and Mrs. Ella J. Lee of Fenton, Michigan, share and share alike, to have and to hold the same, their heirs and assigns forever.

"*Third.* My half-sister, Mrs. Etta Lewis, of the Territory or State of New Mexico, and all other relatives are intentionally omitted in this instrument. My wish and desire is, that only my two sisters named in paragraph second of this instrument, shall share as therein provided, in the distribution of my estate."

Edmund Hunter at the time of his death was a single man, leaving no issue, widow, mother or father.

Catherine Bouck died January 9, 1916, more than a year prior to the death of Edmund Hunter. She left no issue and her only surviving heirs were her husband, William Bouck, the claimant in this case, Ella J. Lee, a sister, and Etta Lewis, a half-sister, both of whom are mentioned in the will. Upon the petition of Ella J. Lee, one of the legatees, the probate court entered an order to the effect that Ella J. Lee was entitled to all of the property devised by the will. The case was appealed to the circuit court where it was tried without a jury before the circuit judge. He sustained the order of the probate judge.

We cannot state the contention of the appellant more clearly than to quote from the brief:

"It is the claim of the appellant that the grant in the second paragraph of said will is a grant in equal shares to Catherine Bouck, her heirs and assigns, and to Ella J. Lee, her heirs and assigns. It is his contention that this is a grant to two classes, each consisting of his sister and her heirs and assigns, and that Mr. Bouck, as one of the heirs of his deceased wife, is entitled to participate. * * *

"Had testator intended that his estate should pass to these two sisters as a class he could easily have stated that in the event of the death of either the survivor should take the whole. Such language no doubt would have been employed had he so intended, but he expressly states that they shall 'share and share alike,' to have and to hold the same, their heirs and assigns forever.'

"Another cardinal rule in the construction of wills is that every word and sentence employed by the testator shall be given its proper significance in the construction of his will. By the use of the term 'share and share alike' it is evident that he intended that each sister should take an equal one-half part of his estate; then he says, 'to have and to hold the same, their heirs and assigns forever' indicates that he intended to divide his property into two parts, one of which parts should go to his sister, Mrs. Bouck, her heirs, and assigns, and the other half to Mrs. Lee, her heirs and assigns. In other words, that his estate should pass in equal parts to the Bouck and Lee families, and that Mrs. Bouck and her heirs constitute one class and Mrs. Lee and her heirs the other class, each taking the estate share and share alike."

As to the third paragraph of the will counsel say:

"It is evident that the purpose of this paragraph was to indicate that he had not forgotten his half-sister nor any of his relatives, and to expressly declare that they should not participate in his bounty.

"A close examination of the language employed in this paragraph we think is illuminative. If only the two sisters were to share in his bounty why not say so and stop? Such a declaration was simple and easy to make. But it is evident that such a statement would not express his desire; it lacked something necessary to convey his thought. So he proceeds and says they shall share 'as therein provided,' referring to the second paragraph of the instrument. It is apparent that he intended they should take in some particular and definite manner which he had previously expressed in the instrument. The gist of this paragraph is that the half-sister was intentionally excluded and that his estate should be distributed between his two sisters in the manner expressly provided in the

second paragraph which was, 'share and share alike, to have and to hold the same, their heirs and assigns forever.' "

It is elementary that in construing wills the effort should be to learn from a perusal of the entire instrument what the testator wanted done with the property mentioned in the will, and should give effect to the intent thus expressed. *Eberts* v. *Eberts,* 42 Mich. 406; *Forbes* v. *Darling,* 94 Mich. 625; *Stender* v. *Stender,* 181 Mich. 651; *In re Ives' Estate,* 182 Mich. 703, and the authorities cited therein; *In re Shumway's Estate,* 194 Mich. 254 (L. R. A. 1918A, 578).

Let us apply this rule of law to the instant case. Mr. Hunter was doubtless just as well advised that his sister was married to William Bouck, the claimant, as he was that he had a half-sister by the name of Lewis, who lived in New Mexico, but he made no suggestion that in case Mrs. Bouck died her husband should have a share of his property. If we read the will as entirety we cannot escape the conclusion that Mr. Hunter wanted his property to go to a class of his relatives, to wit, his two sisters, and that he intentionally omitted his half-sister and all other relatives from his will because he did not want his property to go to any one but his sisters. See *In re Bell's Will* (Minn.), 179 N. W. 650.

The judgment of the court below is affirmed, with costs against appellant.

STEERE, BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.