## *In re* COOTS' ESTATE.

1. WILLS—REMAINDERMEN—CLASS.
   Where will provided that, after death of life tenant without
   issue, nephews and nieces named and described specifically
   should take remainder of estate in equal shares, they did not
   take as class.

2. SAME—DESCENT AND DISTRIBUTION—CONTINGENT REMAINDER.
   Where will gave contingent remainder to nephews and nieces
   named and described specifically, the estate of each was de-
   scendible, devisable, and alienable (3 Comp. Laws 1915,
   §§ 11531, 11553).

3. SAME—REMAINDERS.
   Under 3 Comp. Laws 1915, §§ 11529, 11560, all future estates
   dependent upon precedent estates are classed as remainders,
   and are governed by same laws.

4. SAME—EXECUTORY DEVISE—CONTINGENT REMAINDER—DESCENT
   AND DISTRIBUTION.
   Executory devise, being possibility coupled with interest, has
   same incidents of descendibility, devisability, and assignability
   as contingent remainder.

5. SAME—WHEN CONTINGENT REMAINDER VESTS.
   Unless will bespeaks different intention, where remainder is con-
   tingent on life tenant's dying without issue or lineal heirs,
   no estate vests in remaindermen until happening of contin-
   gency.

6. SAME—REMAINDERMEN DYING BEFORE HAPPENING OF CONTINGENCY
   TAKE NO INTEREST.
   Where remainder was contingent on life tenant's dying without
   issue or lineal heirs, remaindermen who died before life ten-
   ant took no interest, and therefore their heirs, legatees, and
   assigns take nothing through them as remaindermen.

7. SAME—LAPSED LEGACY FALLS INTO RESIDUE.
   Where legacy other than in residuary clause lapses or is void, it
   falls into residue.

On the rule as to devolution of lapsed portion under residuary
clause of will, see annotation in 44 L. R. A. (N. S.) 811; 28 A. L.
R. 1237.

As to when a testamentary gift may be construed as one to a
"class," see annotation in L. R. A. 1918B, 234.

8. SAME—INTESTATE ESTATE—LAPSED LEGACY.

    Lapsed legacy or devise of portion of residuary estate, where legatees or devisees take in common, does not inure to benefit of survivors, but becomes intestate estate.

9. SAME. ·

    Where remainder was contingent upon life tenant's dying without issue or lineal heirs, shares of remaindermen taking in common who died before life tenant became intestate property.

Error to Wayne; Moynihan (Joseph A.), J. Submitted October 28, 1930. (Docket No. 47, Calendar No. 35,149.) Decided January 7, 1931. Rehearing denied April 7, 1931.

The probate court for the county of Wayne having entered an order assigning residue of the estate of Walter H. Coots, deceased, Arthur J. Oldfield and others appealed to the circuit court. Judgment affirming order of probate court is reviewed by Arthur J. Oldfield and others by error. Reversed.

*John W. Gilmore,* for appellant Arthur J. Oldfield.

*Hobart B. Hoyt,* for appellant Gertrude Oldfield Day.

*Lucking, Van Auken & Sprague,* for appellant George C. Oldfield.

*Corliss, Leete & Moody* (*Alexander P. Leete,* of counsel), for appellants Detroit Y. M. C. A. and State Association of Y. M. C. A.'s of the State of Michigan.

*Charles F. Delbridge* (*W. Leo Cahalan, Charles P. Dunn, David Mackay,* and *Roger B. Hull,* of counsel), for Charles Frederick Coots, Grace Coots, Esther Davidson, executrix, and *in pro. per.*

*Trowbridge, Lewis & Watkins* (*James K. Watkins* and *Frederick W. Seitz,* of counsel), for John W. Coots.

FEAD, J. This is review of an order of probate court, affirmed by the circuit court, assigning residue of the estate of Walter H. Coots, deceased. The will was executed in 1901, devised a life estate in trust to testator's wife and son William, and to the survivor of them, the son being then 44 years of age, and provided:

"Ninth. Upon the decease of both my said wife and son, I give and bequeath the estate and property held in trust as aforesaid during their lives, in manner following:

"(a) To the widow of my said son, Elizabeth Compton Coots, the sum of ten thousand dollars ($10,000) as above provided.

"(b) To the child or children of my said son, or their heirs by right of representation, all of the rest, residue and remainder of said property and estate, in equal shares.

"(c) In case my said son shall die without leaving issue or lineal heirs, I direct that all of the rest, residue and remainder of said property and estate, after the payment of said sum of ten thousand dollars, ($10,000) to the widow of my said son, shall be divided equally among William J. Coots, son of my brother John, Nellie L. Coots Daly, daughter of my brother John; Walter M. Coots, son of my deceased brother Charles; Arthur J. Oldfield, George C. Oldfield, Walter J. Oldfield and Gertie Oldfield, children of my sister Hannah, in equal shares."

The will elsewhere contained a like bequest to Elizabeth Coots on her husband's death, if his mother survived him. William survived his mother, and died in 1927, aged 70 years, without issue or lineal heirs. Testator's brother and sister and the three Coots children survived the wife but predeceased William. The four Oldfields survived him. The order appealed from assigned the residue to the

seven nephews and nieces and their legal represen-
tatives. Appellees take through the deceased Coots
children. Appellants are surviving Oldfields and
representatives of heirs of testator. With the ex-
ception of a few shares of corporate stock the estate
was in real property and the will contemplated that
most of it be held intact until final division on death
of the wife and son. The question is whether the
shares of the residue devised to the deceased Coots
niece and nephews passed to their respective heirs,
devisees, and assigns, became intestate property
going to testator's heirs, or devolved upon the four
Oldfields as survivors of a class or as residuary
legatees.

The will bears the stamp of professional crafts-
manship, and probably was drafted by the able
lawyer who witnessed it. We must assume that it
expresses testator's whole intention. It is a natural
instrument and we would defeat testator's intention
by reading into it esoteric purposes. The distribu-
tion of estate was upon the basis of family justice.
Testator's first concern was to provide a life in-
come to his wife and son, with remainder to the di-
rect line of blood. He recognized an obligation to
his son's wife by substantial bequest to her on the
son's death. Realizing that the direct line might
fail, the lack of devise to testator's brother and sis-
ter, which would have resulted in inequality as
among the nephews and nieces, who were most
likely of the relatives to survive the wife and son,
and the devise directly to the younger generation
in equal shares, demonstrate testator's intention to
equitably distribute his estate among the natural
objects of his bounty, giving each a separate part.
Testator intended the distribution as set out to be
the last expression of his will, upon the hypothesis

or hope that all remaindermen would take personally, as no provision was made for the contingency of any of them failing to survive the wife and son. By failing to provide for such contingency, testator must be deemed to have intended that future eventualities which would change the plan as written should be taken care of by the law. The contention that testator intended to keep the property within the group of remaindermen and that the survivors of them would take the whole estate is not supported by the language or scheme of the will and is contrary to the plainly intended equality and finality of division. The will evidences no intention to treat the nephews and nieces as a class, with rights of survivorship, and, as they were named and described specifically and no open end was left to eject any of those designated or to admit others, they did not take as a class. *In re Ives' Estate,* 182 Mich. 699; *Wessborg* v. *Merrill,* 195 Mich. 556 (L. R. A. 1918E, 1074); *In re Hunter's Estate,* 212 Mich. 380.

Concededly, the estate given to the nephews and nieces was a contingent remainder. 3 Comp Laws 1915, § 11531 (3 Comp. Laws 1929, § 12933). The estate of each was descendible, devisable, and alienable. 3 Comp. Laws 1915, § 11553 (3 Comp. Laws 1929, § 12955). The latter statute, however, did not enlarge the estate given, but merely established some of its incidents. Each remainderman "could grant or devise no better or greater estate than he himself held; and any alienation or devise made by him would be defeated and destroyed by the same contingency which would have defeated his interest had he not disposed of it." *Fitzhugh* v. *Townsend,* 59 Mich. 427, 436.

The essential question is whether, in their lifetimes, the deceased remaindermen took a vested in-

terest in the contingent remainder, which passed to their heirs, legatees, or assigns and ripened into a fee in possession on happening of the contingency of the death of testator's son without lineal heirs; or, to express it another way, whether their survival of testator's son was a condition precedent to the remainder vesting in them.

The rule in Massachusetts is that, in similar circumstances, the remainder vests in the remaindermen at the death of the testator, subject to being divested by the happening of the contingency. *Trumbull* v. *Trumbull,* 149 Mass. 200 (21 N. E. 366, 4 L. R. A. 117); *Hills* v. *Barnard,* 152 Mass. 67 (25 N. E. 96, 9 L. R. A. 211). This rule is criticized in 23 R. C. L. p. 552.

Our statutes governing real estate, 3 Comp Laws 1915, § 11519 *et seq.* ([3 Comp. Laws 1929, § 12921 *et seq.*] title 14, chap. 62, Rev. Stat. 1846), were adopted from New York, but without prior decisions of court which are applicable here. Appellees strongly urge the New York rule announced in *Hennessy* v. *Patterson,* 85 N. Y. 91, and followed in other cases to the same result although, in some instances, the court called the remainder vested and, in others, contingent. *Guaranty Trust Co.* v. *Curry,* 134 Misc. Rep. 99 (234 N. Y. Supp. 329); *In re Banker's Will,* 248 N. Y. 596 (162 N. E. 539).

The rule announced in the *Hennessy Case* was that, upon the death of testator, the contingent remainderman takes a vested right in the remainder which is descendible, devisable, and alienable and which culminates in full title on happening of the contingency, where the will does not affirmatively show an intention that survival of the life tenant is a condition of the remainderman's taking.

Appellants contend that the question is foreclosed by the decision of this court in *Hadley* v. *Henderson,* 214 Mich. 157. That case established a rule of property, and, unless it is distinguishable in principle, not merely superficially on the facts, it is controlling. In the briefs in the *Hadley Case,* the Massachusetts rule was urged, but that of New York was not. Only two of appellee's claims of distinction merit discussion.

It is argued that the *Hadley Case* concerned the right to take personal property, a money bequest, and the present case involves real estate. That such difference might be of consequence was not suggested in the *Hadley* opinion. The court applied to the bequest the law of real estate, both statutory and by citation of decision. Moreover, the rules governing future interests in real and personal property are substantially the same. 23 R. C. L. p. 525; *Wessborg* v. *Merrill, supra; Winslow* v. *Goodwin,* 7 Metc. (48 Mass.) 363.

It is further urged that in the *Hadley Case* the intermediate estate was a defeasible fee instead of a true life estate as at bar. Technically, this resulted in the legacy over being in the nature of an executory devise rather than of a true remainder. 2 Washburn on Real Property (6th Ed.), § 1739. By our statutes, all future estates, dependent upon precedent estates, are classed as remainders, 3 Comp. Laws 1915, §§ 11529, 11560 (3 Comp. Laws 1929, §§ 12931, 12962), and are governed by the same laws. Regardless of statute, an executory devise, being a possibility coupled with an interest, has the same incidents of decendibility, devisability, and assignability as a contingent remainder. 9 R. C. L. p. 66; 11 R. C. L. p. 484; 18 C. J. p. 821; 21 C. J. p. 998; *Hennessy* v. *Patterson, supra.* In the

*Hadley Case* the court applied the statutes and decisions involving true remainders and used the fee character of the intermediate estate only to emphasize that no interest in the contingent estate could vest in the legatee until the death of the intermediate tenant.

The basis of decision in *Hadley* v. *Henderson,* however, was the adoption and promulgation of a rule that, where the will is silent as to testator's intention in that respect, it is a condition precedent to the remainderman's taking any vested interest in such a contingent remainder that he survive the life tenant. The court found in the will—

"nothing to indicate an intention that on the death of the legatee before Charles the legacy should pass or be payable to her heirs, assigns or personal representatives. We must therefore apply the rules of construction applicable to such bequests."

This principle is the antithesis of the rule in New York and also excludes the Massachusetts doctrine. Upon authority of the *Hadley Case* the rule in this State is that, unless the will bespeaks a different intention, no estate vests in a contingent remainderman until the happening of the contingency, where the remainder is contingent on the life tenant dying without issue or lineal heirs, because survival of the life tenant by the contingent remainderman is a condition precedent to the latter's taking.

We must hold that the deceased contingent remaindermen took no interest in the remainder, and, therefore, that their heirs, legatees, and assigns take nothing through them as remaindermen.

Where a legacy other than in the residuary clause lapses or is void, it falls into the residue. *In re Ives' Estate, supra; Clark* v. *Mack,* 161 Mich. 545

(28 L. R. A. [N. S.] 479). But a lapsed or ineffectual legacy or devise of a portion of the residuary estate itself, where the legatees or devisees take in common, does not inure to the benefit of the survivors, but the interest of the deceased becomes intestate estate and passes to the next of kin or heirs at law of the testator. 44 L. R. A. (N. S.) 811, note; 28 R. C. L. p. 338; 40 Cyc. p. 1951; *State* v. *Holmes*, 115 Mich. 456. The shares of residue represented by the three Coots children, who predeceased William, became intestate property and are to be distributed as such to the heirs at law of the testator.

It would seem hardly necessary to reiterate what this and other courts have said an infinite number of times, that rules of law of the sort herein dealt with always give way to the expressed intention of the testator, if lawful.

The order of assignment will be reversed, and a new one entered in accordance with this opinion, but without costs.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.