STEVENS *v.* WILDEY.

1. WILLS—CONTINGENT REMAINDERS—LIFE ESTATES.
    Prior to passage of Acts Nos. 211, 219, Pub. Acts 1931, a remainder given contingent upon devisee's survival of life tenant dying without issue does not vest where remainderman predeceases life tenant, unless testator expresses a different lawful intention, and while the rule was changed by those acts, they are not retroactive.

2. SAME—CONSTRUCTION—CONTINGENT REMAINDERS—VESTING—LIFE ESTATES.
    In will, effective in 1904, stating that in case devisee for life should die without children "then" it was testator's will, the term "then" refers to the future, after the contingency occurs and not before, and the term "shall become the property in fee simple" of remainderman, in speaking of disposition in case devisee for life should die without children, referred to the quantum of estate to vest in the future and rendered applicable rule that remainderman must be living at time of death of devisee for life in order to have estate vest in such remainderman (Acts Nos. 211, 219, Pub. Acts 1931).

3. SAME—CONSTRUCTION—PAROL EVIDENCE.

> Parol evidence to construe a will is inadmissible where its language is not obscure or ambiguous.

4. SAME — CONSTRUCTION — CONTINGENT REMAINDERMAN'S DEATH PRIOR TO THAT OF LIFE TENANT.

> Testimony that contingent remainderman who predeceased devisee for life was a favorite nephew of testator *held*, insufficient to render inapplicable, as to will effective in 1904, the rule that remainderman who takes estate contingent upon life tenant dying without children must survive such life tenant in absence of showing testator intended such nephew's heirs to inherit should the nephew predecease devisee for life (Acts Nos. 211, 219, Pub. Acts 1931).

5. DESCENT AND DISTRIBUTION—LIFE ESTATES—CONTINGENT REMAINDERS—INTESTACY.

> Property left to remainderman contingent upon death of devisee for life without children became intestate estate of testator where remainderman predeceased devisee for life who died without children and will became effective in 1904 (Acts Nos. 211, 219, Pub. Acts 1931).

6. APPEAL AND ERROR—ATTORNEY FEES—COSTS.

> In suit involving construction of will wherein it is held that certain property became intestate estate, no attorney fee is allowed appellants because both appellees and appellants benefit in having will so construed and title to valuable property thus settled but no costs are allowed either party under the particular circumstances.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted June 11, 1937. (Docket No. 75, Calendar No. 39,577.)   Decided October 4, 1937.

Bill by Joseph Stevens, as executor of the estate of Richard W. Odell, deceased, and D. W. Williams against R. W. Wildey and others for the construction of a will and to quiet title to land.   Blanche G. Rose, individually and as administratrix of the estate of Jennie G. Odell, deceased, intervened as party defendant and filed a cross-bill for construction of the

will. Decree for plaintiffs. Intervening defendant appeals. Affirmed.

*Lewis R. Williams,* for plaintiffs.

*Earl L. Burhans,* for intervening defendant.

BUTZEL, J.   Plaintiffs filed a bill to construe the following provision in the will of Samuel D. Odell, who died on or about June 20, 1904:

"I give and devise (naming certain realty) (2) to Richard W. Odell to have, hold and use during his natural life and then to the child or children begotten by him if any; and in case he shall depart this life without a child or children begotten by him or the child or children of such child or children begotten by him then it is my will that the land last above described shall become the property in fee simple of my nephew, Isaac D. Odell of Buffalo in the State of New York."

Isaac D. Odell predeceased Richard W. Odell, the latter dying without issue. The question presented is whether Isaac's estate succeeded to the interest Isaac would have been entitled to had he survived Richard or whether this interest lapsed on Isaac's predeceasing Richard and became part of the main estate of Samuel D. Odell to be divided among his heirs as if he had died intestate.

A similar question was presented *In re Coots' Estate,* 253 Mich. 208, where we held:

"Upon authority of the *Hadley Case* (*Hadley* v. *Henderson,* 14 Mich. 157) the rule in this State is that, unless the will bespeaks a different intention, no estate vests in a contingent remainderman until the happening of the contingency, where the remainder is contingent on the life tenant dying without

issue or lineal heirs, because survival of the life tenant by the contingent remainderman is a condition precedent to the latter's taking. * * * Rules of law of the sort herein dealt with always give way to the expressed intention of the testator, if lawful.''

The rule therein set forth was subsequently changed by the legislature by Acts Nos. 211, 219, Pub. Acts 1931. The amendments, however, are not retroactive.

We cannot find any expression of intention in the instant will which takes it out of the rule of construction set forth in the *Coots' Estate.* It is true that the testator used the words "fee simple" both in the quoted clause of his will and in another clause in which he left an absolute title to Richard of a large part of his estate. In stating "in case he shall depart this life without * * * children, * * * then, it is my will,''—"then" ordinarily would mean "at that time," in the future, after the contingency occurs and not before. Appellants, however, claim that the use of the word "shall" in the phrase "land last above described shall become the property," is a positive order. The words "shall become," as used, indicate, if anything, future vesting. In the *Coots' Case,* the testator provided:

"In case my said son shall die without leaving issue or lineal heirs, I direct that all of the rest, residue and remainder of said property * * * shall be divided equally among (naming persons).''

The word "shall" was also used, but the rule of construction aforementioned was applied. The use of the words "fee simple" merely indicated the quantum of estate Isaac D. would have taken, if anything. In view of the *Coots' Case,* which followed previous cases of this court, we cannot strain the meaning of

the quoted clause so as to give it the effect contended for by appellants without raising distinctions without any differences.

The language was not obscure or ambiguous and therefore parol evidence was inadmissible. *In re Blodgett's Estate,* 197 Mich. 455. Testimony was offered to show that Isaac was the favorite nephew of testator and the deep obligations that testator felt toward Isaac's father. Even were we to give full weight to this testimony, it would not alter the situation as the testimony is barren of any showing that testator intended that Isaac's heirs should inherit the property in the event Isaac predeceased Richard.

We affirm the decision of the lower court in holding that the property in question became part of the estate of Samuel D. Odell, to be divided among his heirs the same as if he had died intestate.

Appellants further claim that if the decree of the lower court be affirmed, we nevertheless should allow them a reasonable attorney fee, because, as they contend, both appellants and appellees benefit in having the will construed by this court and the title to valuable property thus settled. We decline to do this but under the particular circumstances of the case and the questions raised, no costs in this court will be allowed to either of the parties.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.