345 Mich. 448 (1956)
75 N.W.2d 819
In re HICKS ESTATE.
BARNES
v.
BONBRIGHT.
Docket No. 55, Calendar No. 46,688.
Supreme Court of Michigan.
Decided April 2, 1956.
Rehearing denied May 14, 1956.
Miller, Canfield, Paddock & Stone, for plaintiff.
Gault, Davison & Bowers, for defendants.
DETHMERS, C.J.
Plaintiff appeals from a circuit court order affirming an order of the probate court *450 allowing an annual account of defendants as trustees under the will of their decedent and construing terms of the will contrary to plaintiff's contention.
Defendants' decedent died in 1935 leaving a will which created a trust, named his wife and the 2 defendants, or the survivors of them, trustees, and further provided:
"THIRD: That my wife, Bertha H. Hicks, shall have all of the income from my estate during her life. After her death the estate shall be held for a period of 10 years, the income from said estate or trust to be equally divided between my daughters, Jennie M. Hicks Frost, Bertha Louise Hicks Bonbright, Ida Mary Hicks Fellows and Martha Eliza Wall. This after all of the expenses of said estate or trust have been paid. In case of the death or any other reason why any one of the three persons above mentioned cannot serve as one of the executors, then the remaining ones shall continue to serve. * * *
"FIFTH: After 10 years after the death of my wife, Bertha H. Hicks, the estate or trust may be divided between the 4 daughters, share and share alike. Should any of them be then not living their children will take their share, or shares."
The trustees administered the trust during the life of testator's widow, who died in July, 1949. Since then defendants have continued as trustees. They paid the trust income to the 4 daughters in equal shares until June 24, 1952, when the daughter, Martha, died testate and survived by a husband whom she had married and an adopted son who had been born after testator's death. The children of the other 3 daughters all were born prior to the execution of the will.
Plaintiff is the administrator of Martha's estate. He objected to the allowance of defendants' account reporting payment of the trust income, after Martha's *451 death, to testator's 3 surviving daughters in equal 1/3 shares and prayed for construction of the will in accord with his contention that after Martha's death the income should have been paid to testator's 3 surviving daughters and to Martha's estate in equal 1/4 shares. He urges that the gift of income for the 10-year period was not a class gift to the daughters with the right of the survivors of them to take all of the income during the remainder of the trust term, but, rather, a gift to the 4 daughters as tenants in common with the right of the estate of a daughter dying before the expiration of the trust term to take a 1/4 share of the income during the remainder of that term. This contention plaintiff seeks to support by advancing 4 rules of construction: (1) Listing the beneficiaries individually by name in the will evidences an intent to give to them as tenants in common and not to a class; (2) lack of express provision in the will for survivorship indicates a gift to tenants in common; (3) provision in the will that the gift to the beneficiaries shall be "in equal shares" is indicative of a gift to tenants in common; (4) a gift to tenants in common is indicated by a testator's definite separation of his estate into shares and provision for final distribution of such shares along the lines of cleavage set up by him. Cited as cases enunciating these rules of construction are: In re Coot's Estate, 253 Mich 208; Cattell v. Evans, 301 Mich 708; In re Brown's Estate, 324 Mich 264; Wessborg v. Merrill, 195 Mich 556 (LRA1918E, 1074); In re Hurd's Estate, 303 Mich 504. Examination of these and many other authorities on the subject emphasizes a paramount rule, to which the 4 mentioned are but an aid, that, where ascertainable and lawful, the intent of the testator must be given effect. Applying that rule, this Court, in In re Ires' Estate, 182 Mich 699; and In re Hunter's Estate, 212 Mich 380, *452 held that the testators intended to create class gifts despite the existence in those cases of facts of a character such that exclusive application thereto of the 4 rules urged by plaintiff would have led to the conclusion that the gifts were not to a class. The holdings in those cases were no doubt due to the presence there of other factors indicating an intent by the testators to give to a class. Hence, the mere fact that the beneficiaries are individually named, that the gift is to them in equal shares, that express words of survivorship are not employed, and that testator provides for separation of the estate into shares and distribution thereof along lines of cleavage set up by him does not necessarily rule out a finding of an intent by the testator to make a class gift. To that effect, see, also, 1 Scott, Trusts, § 143, p 719.
Each of the above cases relied upon by plaintiff, except Wessborg, presented a question as to the nature of a gift made in final disposition of the corpus of an estate as distinguished from a gift of income during a fixed trust term prior to final disposition of the corpus. The difference between the purposes sought to be served by a testator in the former as distinguished from one in the latter situation is such as to give rise to serious question as to the extent to which the 4 rules, designed to ascertain the intent of a testator concerning final disposition of the corpus of his estate, can be relied upon to likewise elicit his intent with respect to the identity of those who are to be supported by the trust income of his estate. In the former situation the testator is concerned with making final disposition of his property; in the latter with deferring such disposition for the express purpose of providing for the support of certain persons in the interim. That the testator was not unmindful of the possibility of death of some of those mentioned in his will before the trust term *453 expired is evidenced by his provision for survivorship among the trustees and the further provision in the fifth paragraph that if any of the daughters should not survive the trust period, her share of the corpus should descend to her children. The fact that testator made such provision for the children of his daughters, in the event of the death of any of his daughters before expiration of the trust term, but made it only with respect to the passing of the corpus of his estate in the will's fifth paragraph and not with respect to the gift of the income in the third paragraph, is eloquent of his intent that, while final disposition of the corpus should be by separation into shares and distribution thereof along the definite lines of cleavage set up by him, the 10-year trust, on the contrary, should be for the entirely different and single purpose of providing support for his daughters as a class and not for the purpose of insuring support for the daughters' children, who, as such, would not, even under plaintiff's theory, receive the income, much less for the purpose of providing for the support of the daughters' heirs or testamentary beneficiaries to whom the testator expressly denied a share in the corpus by leaving it to the daughters' children in the event of his daughters' deaths.
The Wessborg Case did involve a gift of income, as here, but is distinguishable from the instant case in that there the intermediate gifts of income and final gifts of the corpus were to the same persons and, further, that the gifts of income for a definite period were, by the express terms of the will, made to testator's "5 children and to their respective heirs." The express provision for payment of income to the heirs of testator's children definitely ruled out any intent on his part that the income which otherwise would have gone to one of his children should, upon the death of any such child, go to *454 the testator's surviving children. And to repeat, the evident intent of the testator, as disclosed by the entire will, is controlling, regardless of the contrary results to which we might be led by artificial rules of construction, designed only to aid in ascertaining that intent. Testator's intent in the instant case was clearly contrary to that in Wessborg.
For treatment of this general subject see annotations commencing at 140 ALR 841. Cases supporting, under varying testamentary provisions and factual situations, the view herein expressed are: Meserve v. Haak, 191 Mass 220 (77 NE 377); Clarke v. Rathbone, 221 Mass 574 (109 NE 651); Huddy's Estate, 257 Pa 528 (101 A 818); Maxwell's Estate, 261 Pa 140 (104 A 501); Boyer's Estate, 115 Pa Super 501 (175 A 728); Davis v. Goodman, 17 Del Ch 231 (152 A 115); Kramer v. Sangamon Loan & Trust Co., 293 Ill 553 (127 NE 877).
The intention of the testator should be ascertained from the whole will. In re Ives' Estate, supra. Consideration of the entire will in this case leads us to conclude that testator intended that the income from his estate during the 10-year trust period following his wife's death should go to his daughters as a class, to be divided among them or their survivors during that period.
Affirmed, with costs to defendants.
SHARPE, SMITH, REID, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.