MERRILL v. HUBBARD.

1. WILLS—CONSTRUCTION—INTENT.
     The primary rule of construction of a will is to reach and determine the intent of the testator, and in doing so all parts of the will must be considered.

2. SAME—CONSTRUCTION—REPUGNANCE.
     If there is repugnance in a will, the language in the former part of the will is to be read as modified by the latter part.

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur, Wills §§ 1129, 1133, 1137.
[2] 57 Am Jur, Wills § 1128,
[3] 33 Am Jur, Life Estates, Remainders, and Reversions §§ 15, 35 *et seq.*

3. Same—Construction—Life Estate—Remaindermen.
   Will which included a paragraph devising testator's entire estate to his wife if she survived him which was followed by a paragraph providing that "as long as she may live all my income and property real and personal shall belong to" her and "then after her demise my entire estate is to be divided into 3 equal parts" and disposed of them to his. stepson and testator's 2 sisters is construed as giving his wife a life estate in the residue and upon her death equal portions to the 3 remaindermen.

Smith, Edwards, and Black, JJ., dissenting.

Appeal from Kent; Searl (Fred N.), J. Submitted October 4, 1956. (Docket No. 42, Calendar No. 46,966.) Decided April 22, 1957.

Bill by Audie Merrill, individually and as executrix of the estate of Robert Hall Merrill, deceased, against Flora Merrill Hubbard and Ida Merrill Hewitt for construction of will, praying that plaintiff be determined entitled to entire residue. Cross bill by defendants praying that they be determined to take distributive shares on expiration of a life estate in plaintiff. Decree for defendants. Plaintiff appeals. Affirmed.

*Paul O. Strawhecker*, for plaintiff.

*Harrington, Waer, Cary & Martin*, for defendants.

Sharpe, J. This case involves the construction of a will. The essential facts are not in dispute and are as follows: Robert Hall Merrill was born in 1881 and died in 1955. He graduated from the University of Michigan in 1903 or 1904 as a civil engineer and after graduation was engaged in the practice of his profession. In 1907 he was married to Lena Billington. She died in 1933. No children were born of this marriage. After his wife died Robert Hall Mer-

rill moved into the family home with his mother and his sister Ida Merrill Hewitt. In 1938 Robert Hall Merrill and Audie Sinclair Weston were married. Mrs. Weston was a widow and had a son, Paul Sinclair Weston, born in 1910. When plaintiff and Robert Hall Merrill were married he moved to her home in Grand Rapids where they lived until Mr. Merrill's death on June 5, 1955.

On November 21, 1947, Mr. Merrill asked Maurice R. Quick and Leonard E. Kaufman to serve as witnesses to his will. At the time the will was signed Mr. Merrill was in good health, both mentally and physically. He remained in good health until a few months prior to his death.

On June 24, 1955, plaintiff filed the will, her petition for its probate and her petition for her appointment as special administrator in the probate court of Kent county. On July 14, 1955, Flora Merrill Hubbard and Ida Merrill Hewitt filed objections to the admission to probate of the will. On August 23, 1955, an order was entered admitting the will to probate. On March 23, 1956, plaintiff, as special administratrix of the estate, filed an inventory and appraisal showing a gross estate in the amount of $199,251.23.

On April 10, 1956, plaintiff filed her bill of complaint for a construction of the will under the declaratory judgment act* and in the alternative, pursuant to the general chancery powers of the circuit court.

The will executed November 21, 1947, in part, reads as follows:

"SECOND, I give, devise and bequeath to my beloved wife Audie Sinclair Merrill if she survives me, all my property real and personal of which I die the owner or to which I am in any manner entitled at my death, and wherever the same may be situated.

---

* CL 1948, § 691.501 *et seq.* (Stat Ann § 27.501 *et seq.*).—REPORTER.

"THIRD, if my said wife Audie should predecease me, or if for any reason she declines or fails to act as executrix, it is my desire that two administrators namely my step-son Paul Sinclair Weston of Grand Rapids, and my nephew Kenneth W. Hewitt of Philadelphia are hereby appointed to dispose of my estate as follows

"As long as she may live all my income and property real and personal shall belong to my wife Audie, then after her demise my entire estate is to be divided into three equal parts the same to be finally disposed of

"1. One third to my step-son Paul Sinclair Weston of Grand Rapids or to his heirs.

"2. One third to my sister Mrs. Flora Merrill Hubbard of Lantana, Florida or to her heirs.

"3. One third to my sister Mrs. Ida Merrill Hewitt of Lake Worth, Florida or to her heirs."

The cause came on for trial, at which time some testimony was taken. A decree was entered July 18, 1956, which reads, in part, as follows:

"It appearing to the court after hearing the proofs and the arguments of counsel for the respective parties, that it was the intent and purpose of said Robert Hall Merrill, by his last will and testament dated November 21, 1947, when considered in its entirety and in the light of the pertinent circumstances which surrounded the said testator at the time he executed it, to thereby give to his surviving wife Audie Sinclair Merrill, a life estate in the entire residue of his estate with remainder over upon her death as follows: An undivided 1/3 interest in and to said entire remainder to the said testator's surviving stepson or to his heirs, and an undivided 1/3 interest in and to said entire remainder to each of said testator's surviving sisters or to her heirs, and that the said will should be so interpreted and construed; and the court being fully advised in the premises, and after due deliberation,

"It is ordered, adjudged and decreed:

"1. That the said Robert Hall Merrill, by sections second and third of his last will and testament, dated and executed on November 21, 1947, truly intended to bequeath and did bequeath the entire residue of his estate as follows:

"To Audie Sinclair Merrill, his surviving wife, a life estate, only, in the entire residue of his estate, with remainder over on her death of the entire of said residue to be divided into 3 equal parts and finally distributed as follows:

"One-third of said entire remainder to Paul Sinclair Weston, the surviving stepson of the said testator, or to his heirs;

"One-third of said entire remainder to Flora Merrill Hubbard, one of the surviving sisters of the said testator, or to her heirs;

"One-third of said entire remainder to Ida Merrill Hewitt, the other surviving sister of the said testator, or to her heirs.

"And the said will is hereby interpreted and construed accordingly."

Plaintiff appeals and urges that the trial court was in error in construing the will as above noted, that it was the intention of Robert Hall Merrill to give to his wife, Audie Sinclair Merrill, the entire residue of his estate, absolutely, if she survived him and did not decline or fail to act as executrix. It is the theory of defendants that the will is ambiguous, but taken in its entirety shows that Robert Hall Merrill's intent was to bequeath the income and use of the residue of his estate to his wife if she should survive him for life, and upon her death the estate was to be divided into 3 equal parts and disposed of to his stepson and 2 sisters, or to their respective heirs.

It has been stated many times that the primary rule of construction of a will is to reach and determine the intent of the testator, and in doing so all parts of the will must be considered. It is

also the rule that if there is repugnance in the will, the language in the former part of the will is to be read as modified by the latter part. In an opinion the trial court stated:

"I cannot in good conscience escape the conclusion that there is an ambiguity here and that there is a doubt to be resolved.

"I believe that there are 2 possible constructions to be given to the typewritten portion of the will following the word Third consisting of 2 paragraphs.

"The first of these 2 possible constructions is that the unnumbered paragraph commencing 'as long as she may live' is to be construed as being dependent for its effectiveness upon the happening of the conditions expressed in the preceding paragraph, namely, 'if my said wife Audie should predecease me, or if for any reason she declines or fails to act as executrix.' In other words, if this construction is adopted the will is to be read as if Mr. Merrill had written 'if my said wife Audie should predecease me, or if for any reason she declines or fails to act as executrix, it is my desire that as long as she may live all my income and property, real and personal, should belong to my wife Audie, then after her demise my entire estate is to be divided into 3 equal parts the same to be finally disposed of,' and continuing as in the will to divide the same between the stepson and the 2 sisters.

"This is the construction contended for by the widow as the only possible construction.

"The second possible construction which I find here is that the paragraph numbered Third commencing with the words 'if my said wife Audie' and ending with the words 'as follows' is to be construed as being intended only as a designation of alternative fiduciaries in the event that Mrs. Merrill should predecease him or for any reason should fail to act as executrix, but that this paragraph should not be construed as expressing the conditions upon which the disposition of the estate in the succeeding para-

graph is to be contingent. And as a part of this second possible construction the unnumbered paragraph commencing with the words 'as long as she may live' is to be construed as being entirely independent of the conditions expressed in the preceding paragraph and as a paragraph intended to contain the provisions defining the quantity of the estate given the wife in paragraph Second as a life estate in the residue and disposing of the remainder upon the death of the wife."

In view of the fact that plaintiff survived deceased and qualified as executrix of the estate we do not find it necessary to construe the intent of testator "in the event that plaintiff predecease testator," except as it may be helpful in determining the intent of testator in the event that plaintiff survive testator and qualify as executrix.

If testator intended to bequeath to plaintiff all of his property, both real and personal, then it was unnecessary to write the balance of paragraph 3, beginning with the paragraph "as long as she may live." The fact that testator did include the above in his will indicates that paragraph 2 of the will was modified by paragraph 3 and that the true intent of testator was to give to plaintiff a life estate in the residue of his estate and upon her death to his 2 sisters and stepson in equal portions.

The decree of the trial court is affirmed, with costs.

Dethmers, C. J., and Kelly and Carr, JJ., concurred with Sharpe, J.

Edwards, J. (*dissenting*). The treatment of this case thus far in the courts calls to mind a sign

scrawled on the wall of an AFPAC* mess hall in a burned-out building in Manila in 1945:

"The easy we make difficult
The difficult we make impossible
But it takes a little time."

All concede that Robert Hall Merrill was an intelligent and educated man—albeit an engineer rather than a lawyer. Seven years before his death he typed his will and had it witnessed. He was at that time and until close to his death in sound health mentally and physically. He had no children. He did have 2 sisters, both of whom lived in Florida, and a stepson. He had a wife with whom and in whose house he had lived since their marriage in 1938 and with whom he lived happily until his death in 1955. His estate consisted of personalty worth approximately $200,000. A photostat of the body of the properly executed will, typed on a printed form, follows:

---

* The corruption by the AFPAC (Armed Forces of the Pacific) is of the slogan of the then United States Army Air Forces: "The difficult we do immediately. The impossible takes a little longer," as recorded in Bartlett's Familiar Quotations (12th ed), p 1069.—REPORTER.

# WILL

OF

ROBERT HALL MERRILL

**Be it Remembered,** That I, Robert Hall Merrill
of Grand Rapids in the County of Kent
and State of Michigan, being of sound mind and memory, but knowing the uncertainties of this life, do hereby make, execute and declare this to be My Last Will and Testament, in manner following:

FIRST, I will and direct that all my just debts and funeral expenses be paid in full.

SECOND, I give, devise and bequeath to my beloved wife Audie Sinclair Merrill if she survives me, all my property real and personal of which I die the owner or to which I am in any manner entitled at my death, and wherever the same may be situated.

THIRD, if my said wife Audie should predecease me, or if for any reason she declines or fails to act as executrix, it is my desire that two administrators namely my step-son Paul Sinclair Weston of Grand Rapids, and my nephew Kenneth W. Hewitt of Philadelphia are hereby appointed to dispose of my estate as follows

As long as she may live all my income and property real and personal shall belong to my wife Audie, then after her demise my entire estate is to be divided into three equal parts the same to be finally disposed of

1. One third to my step-son Paul Sinclair Weston of Grand Rapids or to his heirs.

2. One third to my sister Mrs. Flora Merrill Hubbard of Lantana, Florida or to her heirs.

3. One third to my sister Mrs. Ida Merrill Hewitt of Lake Worth, Florida or to her heirs.

The writer agrees with one portion of the trial court's opinion when he quotes the following: " 'The primary rule of construction is to ascertain the true intention of the testator. * * * Having so ascertained his intention, it is the duty of the court to give that intention effect if that be legally possible.' " *In re Scheyer's Estate,* 336 Mich 645, 648, 649 (38 ALR2d 835). See, also, *In re Hicks Estate,*

345 Mich 448; 57 Am Jur, Wills, §§ 1120, 1126 and 1129.

The intention of the testator from the will above appears perfectly plain. Paragraph 2 can only be read as a devise of the entire remainder of his estate to his wife if she survived him, for her to dispose of as she would.

Paragraph 3 appears just as plainly to be an alternative devise in the event of the wife's prior death. It also adds another condition "or if for any reason she declines or fails to act as executrix." This condition seems plainly to the writer to be testator's test of his wife's mental or physical competence. In the event she did not act as executrix but did survive he provides other administrators (one of whom is her own son) and gives her a life estate.

She did survive. She did qualify as executrix. Paragraph 3 of the will was never invoked by either condition. The wife is entitled to the estate absolutely.

The decree of the trial court should be reversed and this cause remanded for the entry of a decree in accordance with this opinion. Costs to appellant.

Smith and Black, JJ., concurred with Edwards, J.