## SOUTHGATE *v.* KARP.

1. WILLS—CONSTRUCTION—AMBIGUITY—EQUALITY OF SHARES.
   Where there is an ambiguity in a will as to the shares devised, the construction should favor an equal distribution.

2. SAME—DISINHERISON.
   Heirs at law are not to be disinherited by conjecture, but only by express words or by necessary implication.

3. SAME—INTESTATE PROPERTY—DISINHERISON.
   Where a testator is held to be intestate as to a portion of his property, mere negative words in his will will not suffice to disinherit heirs, but there must be an actual disposition of the estate to some other person.

4. SAME—REAL ESTATE—DISPOSITION—HEIRS EXCLUDED.
   A paragraph of a will reading "(4) The following number of acres of land I have given my children by deeds already free as a part of their share. John twenty-three 23 Conrad twenty acres 20 Anna thirty acres 30 all I intended to give her by this instrument Barbara twenty acres 20," makes no disposition of testator's real estate, and cannot be construed to exclude Anna from participation therein; and there being no other clause disposing of real estate, testator died intestate as to that portion of his property.

5. SAME—INTESTATE PROPERTY—DISPOSITION.

Real estate not devised by testator's will passes, under the statute of descent and distribution, to all of testator's living children, and the children of any deceased child, share and share alike.

Appeal from Saginaw; Gage (William G.), J. Submitted October 15, 1908. (Docket No. 73.) Decided November 30, 1908.

Bill by Barbara M. Southgate and John G. Zimmermann against Anna Karp and others to construe the last will and testament of John Zimmermann, deceased. From the decree rendered, defendants appeal. Reversed, and decree entered for defendant Karp.

*Snow & Snow*, for complainants.

*William E. Crane*, for defendants.

McALVAY, J. For the purpose of obtaining a construction of the will of John Zimmermann, deceased, his executrix and executor, being two of his children, filed their petition in the circuit court for Saginaw county. Issue was joined upon the answer of Anna Karp, a daughter, and Rose Zimmermann, guardian of children of a deceased son of testator; they being all of the defendants named in the petition.

Those portions of the will necessary to the understanding of the case are as follows:

"In the name of God, Amen; I, John Zimmermann, a resident of the township of Saginaw, county of Saginaw and State of Michigan, being of a sound and disposing mind, do make, publish and declare this instrument as and for my last will and testament, hereby revoking any and every will by me heretofore made.

"(1) My just debts and funeral expenses shall be paid by my executor hereinafter named, to be paid out of the money on hand or out of the personal estate as soon after my decease as shall be found convenient.

"(2) After the payment  *  *  *  my just debts and

funeral charges, I give and bequeath and devise all my personal estate and moneys wherever situated; and the use of my real estate of which I may die seised for and during the term of her natural life, but I do hereby expressly authorize and empower her in case she may deem it necessary for any reason whatever to mortgage said real estate, any and all my real estate, and use the proceeds thereof the same as I might did when life and I do hereby bequeath and devise the same to accordingly including said power to mortgage said real estate.

"(3) In case my wife, Barbara shall during her term of occupancy of said farm mortgage the same, then I hereby instruct my executor and those who are interested in my real estate after myself and my wife are death, shall pay off all indebtedness before taking possession or have any use therefrom and in case of nonpayment by parties their share then my executor or administrator shall by sale to satisfy said claim either by private or public auction as most practical.

"(4) The following number of acres of land I have given my children by deeds already free as a part of their share, John G. Zimmermann twenty-three 23 Conrad Zimmermann twenty acres 20 Anna Karp thirty acres 30 all I intended to give her by this instrument Barbara M. Southgate twenty acres 20."

Then follows the appointment of executors, signature, etc. It will be observed that the will contains no residuary clause.

In the decree granted in the case the court construed the will as follows:

"(1) Paragraphs 1 and 2 of the last will and testament of the said John Zimmermann are hereby construed to give the personal property and money of said deceased absolutely to his widow, Barbara Zimmermann, after all just debts and funeral expenses of said deceased are paid; and it is therefore hereby decided that all debts and the funeral expenses of said deceased shall be paid from the money and personal property of said deceased at the time of his death by him owned or possessed, and the balance left after such payments is hereby decreed to have been the property absolutely of the said Barbara Zimmermann.

"(2) It appearing from the proof in this cause that the real estate mentioned in paragraph 3 of said last will and

testament was not mortgaged by said Barbara Zimmermann during her lifetime, the construction of said paragraph is unnecessary; the same being now obsolete.

"(3) Paragraph 4 of said last will and testament aforesaid, taken together with the other provisions of said will, devises the real estate of said deceased, after the death of said widow, Barbara, to John G. Zimmermann, Conrad Zimmermann, and Barbara M. Southgate, and said Anna Karp is to receive none of the real estate of said deceased by the provisions of said will."

The defendants have appealed, claiming that the court did not correctly construe paragraph 4 of the will, and that under the will the daughter, Anna Karp, is entitled to share with the other heirs in the real estate to be distributed. John Zimmermann was a thrifty German farmer, who accumulated during his lifetime a valuable farm and considerable personal property. Evidently he had but a limited knowledge of the English language. His will, a construction of which is sought, was in his handwriting. It was identified as such by a witness, but, as far as the record shows, was not introduced in evidence, and the original is not before us. An inspection of this document might be of assistance to the court. By the third paragraph of his will it appears that the testator understood that as to this real estate he had as yet made no testamentary disposition. Does the fourth paragraph make any testamentary disposition of this property? It reads:

"(4) The following number of acres of land I have given my children by deeds already free as a part of their share. John G. Zimmermann twenty-three 23 Conrad Zimmermann twenty acres 20 Anna Karp thirty acres 30 all I intended to give her by this instrument Barbara M. Southgate twenty acres 20."

It is not disputed that he made the distributions contained in the above recital. All these gifts were of valuable land near the city, cut out of the home farm, except the 30 acres given the eldest daughter, Anna Karp, which was not so valuable, and was five miles away. The pre-

ponderance of the competent testimony in the case shows that there had been no quarrel or misunderstanding with this daughter or her children. There are no words contained in this fourth paragraph of the will of gift, devise, or bequest. Nor can these words, "Anna Karp thirty acres 30 all I intended to give her by this instrument," be said to be precatory words. They do not express a request, wish, or direction. Can it be said that the words quoted are sufficient to and do devise this land to all the heirs, share and share alike, to the exclusion of Anna Karp? If we follow the construction of the decree appealed from, that must be our conclusion. If it may be said that there is here an ambiguity or a doubt as to the meaning of this clause, the law is well established that the construction to be given should favor the heir who by another construction would be deprived of an equal share in the distribution of the property. 30 Am. & Eng. Enc. Law (2d Ed.), p. 668 et seq., and cases cited in notes. From the text we quote:

"Heirs at law are not to be disinherited by conjecture, but only by express words or by necessary implication." *Wilkins* v. *Allen*, 18 How. (U. S.) 385; *Leigh* v. *Savidge*, 14 N. J. Eq. 124.

In *Bender* v. *Dietrick*, 7 Watts & S. (Pa.) 287, the court said:

"It is a maxim which applies here, as well as in England, that an heir at law can only be disinherited by express devise or necessary implication, and that implication has been defined to be such a strong probability that an intention to the contrary cannot be supposed."

We think the clause under consideration can be considered only as negative words or of the same effect as negative words. Where under a will a [portion of an estate is held to be intestate property, there is abundant authority holding that—

"Mere negative words will not suffice [to disinherit heirs], but there must be an actual disposition of the estate to some other person." 30 Am. & Eng. Enc. Law

(2d Ed.), p. 669, and cases cited. *Hurst* v. *Von De Veld,*
158 Mo. 239; *Ford* v. *Whedbee,* 21 N. C. 16; *Hitchcock*
v. *Hitchcock,* 35 Pa. 393.

See, also, Page on Wills, § 467, and cases cited. We
think the case at bar is within the rule last above consid-
ered, and that by the fourth paragraph of the will no dis-
position was made of any of testator's estate. We therefore
hold that John Zimmermann, as to the estate over on the
termination of the life interest reserved to his widow, died
intestate. This intestate estate consisted of the homestead
of 37 acres which he had not distributed to his children
during his lifetime. This real estate, not having been de-
vised by the will, under the statute of descent and distri-
bution, would pass to all of his living children and the
children of any deceased child, share and share alike.

The decree of the circuit court as to the construction of
the fourth paragraph of the will is reversed, and a decree
will be entered in accordance with this opinion, including
Anna Karp as entitled to share equally with the other
children in the distribution of the real estate in question,
and that defendants recover their costs of both courts.

GRANT, C. J., and BLAIR, HOOKER, and MOORE, JJ.,
concurred.