BILLINGS *v.* MARSHALL FURNACE CO.

1. WILLS—CONSTRUCTION—JURISDICTION OF COURT.
   On a bill by the executors and trustees of the estate of decedent for a construction of the will, the court has jurisdiction to construe the same.

2. CORPORATIONS—ESTATES OF DECEDENTS—REPRESENTATIVES, RIGHT TO VOTE—STOCK AND STOCKHOLDERS.
   Representatives of a deceased person have the right to vote with respect to stock standing on the corporate books in the name of the testator.

3. WILLS—CONSTRUCTION—RIGHT TO PERPETUATE CONTROL OF CORPORATION—PUBLIC POLICY.
   An attempt, by a testator, to create and direct a testamentary voting trust for a fixed period of irrevocability and to exclude for a fixed period his representatives from the exercise of their personal judgment as to the management of the affairs of a corporation in which he held a controlling interest, and to perpetuate certain persons in office and control of the company without regard to the rights of minority stockholders is contrary to public policy and void.

Appeal from Calhoun; North (Walter H.), J. Submitted March 15, 1920. (Docket No. 112.) Decided April 10, 1920.

Bill by Charles H. Billings and another, executors of the last will of Samuel F. Dobbins, deceased, against the Marshall Furnace Company, Charles W. Dobbins and others, for a construction of said will. From a decree for plaintiffs, defendant Dobbins appeals. Affirmed.

On validity of agreement to control the voting power of corporate stock, see notes in 16 L. R. A. (N. S.) 1136 and 31 L. R. A. (N. S.) 1186.

*Continued from Vol. 209.

*Burritt W. Hamilton,* for plaintiffs.

*Joseph L. Hooper,* for defendant appellant.

*James W. Mackey,* for other defendants.

CLARK, J.    From a decree construing the will of Samuel F. Dobbins, who died in 1917, this case is brought here by appeal of one of the defendants. The plaintiffs, named as executors and trustees in the will, were appointed executors by the probate court of the county of Calhoun and entered upon the discharge of their duties.    The greater portion of the estate consists of 1,070 shares of the capital stock of the Marshall Furnace Company, a Michigan corporation organized under the provisions of Act No. 232 of the Public Acts of 1903 (2 Comp. Laws 1915, § 9017 *et seq.*).    The par value of the 1,070 shares is $107,-000, which constitutes more than two-thirds of the total, $150,000, authorized capital stock of the company, all of which is issued and outstanding.    The defendants are the above named corporation, Grace Dobbins, testator's widow, devisee and legatee under the will, Dale M. Dobbins, Samuel F. Dobbins, Jr., and Charles W. Dobbins, testator's sons, legatees under the will.    The minority stockholders of the corporation were permitted to intervene as defendants.    All of the defendants appeared and answered.

The particular language submitted for construction is the tenth paragraph of the will and is as follows:

"I hereby direct my said trustees to so vote upon the shares of stock of said Marshall Furnace Company belonging to said trust estate, that my two sons, Dale M. Dobbins and Charles W. Dobbins, and at least one of said trustees above mentioned, during the term of this trust, shall be, if possible, elected annually to serve as directors of said Marshall Furnace Company, and that the by-laws of said company during said trust period, remain as now fixed, providing for a board of five directors, qualified to serve, and who will serve, be elected

in each year, and that, in the event of the death, disqualification or resignation or refusal to serve of any director, an active, competent successor for such director shall be immediately chosen, and that the directors, as such, shall receive no salary, and that my said trustees, so far as lies within their power through control of the membership of said board of directors, shall see to it that no person connected with said company shall receive any salary not reasonably proportionate to the value of the services by such person actually rendered in said company."

A resolution to increase the capital stock of the corporation from $150,000 to $300,000 is before the stockholders. To adopt the resolution a vote of two-thirds in interest of the capital stock is required. A stockholder, at present the successful manager of the business to whom nearly all of the rights of subscription have been assigned, has offered to take the increase of 1,500 shares at $130 per share, a total of $195,000. The plaintiffs, nearly all of the defendants, and the trial court agree that it is advisable and necessary to increase the capital stock of the company and that such action will be beneficial to the company and hence to the estate. The plaintiffs as executors have refrained from voting upon the resolution because of the paragraph of the will above stated, and for the reason that as a result of such increase, if authorized, the estate may become a minority stockholder and the executors and trustees therefore may be unable to comply with the quoted provisions of the will. The relief prayed is that the tenth paragraph of the will be held void and that the executors and trustees under the will be decreed to have full and free right to vote at any and all meetings of the stockholders and upon said resolution the shares of capital stock held by the estate.

The decree of the trial court in part:

"That the true construction and interpretation of said will is that the word 'trustees' when used in para-

graph tenth of said will, refers equally to the executors named in said will and that the provisions of paragraph tenth apply with equal force to the executors and to the trustees named in said will, and to their successors in office; and

"That in so far as the provisions of paragraph tenth of said will attempt to create a testamentary voting trust, said provisions are void.

"That the voting instructions to executors and trustees set forth in paragraph tenth of said will whereby said testator attempted to determine the personnel of a majority of the board of said Marshall Furnace Company, and to prevent amendment of the by-laws thereof, for a period of ten years, are invalid and that said executors and trustees are not bound thereby.

"That said voting instructions were, under the terms of said will as construed by this court, to be carried out only in the event the same were found possible, and that observance of said voting instructions, although physically possible, is not legally possible, and that said executors and trustees are therefore under no obligation or legal requirement to observe the same.

"That there is nothing in said will which in any way prevents said executors and trustees, plaintiffs herein, from co-operating in the plan of increasing the capital stock of said company and in making the proposed sale thereof in accordance with the plan submitted to this court * * * or in accordance with any other lawful plan."

The court had jurisdiction to construe the will. *Dean* v. *Mumford,* 102 Mich. 510.

Representatives of the deceased have the right to vote with respect to stock standing on the corporate books in the name of the testator. See 10 Cyc. p. 334.

"It is clear that executors have power to vote the stock of their testator at all meetings, being the personal representatives of such decedents, and that until a settlement and division of the estate the stock of a decedent belongs to his personal representative.

Similarly, corporate stock standing in the name of an administrator may be voted by him, in electing directors, as against those holding a beneficiary interest therein.   *   *   *   In the case of shares in the hands of a trustee, if the trust is of such a nature that the trustee has the control and management of the property, and is to exercise his discretion concerning it, then he is the proper person to represent and vote upon it.   And the corporation cannot be required to examine into the nature of the trust, with a view to decide as to the right to vote." 7 R. C. L. p. 346.

See, also, *Jones* v. *Green*, 129 Mich. 203.

The tenth paragraph of the will, wherein the testator attempts to create and direct a testamentary voting trust for a fixed period of irrevocability and to exclude for a fixed period his representatives from the exercise of their personal judgment as to the management of affairs of the corporation and to perpetuate certain persons in office and control of the company without regard to the rights of minority stockholders, is contrary to public policy and void. 7 R. C. L. p. 351; 14 C. J. p. 917; *Morel* v. *Hoge*, 16 L. R. A. (N. S.) 1136, note (130 Ga. 625, 61 S. E. 487).

The decree is affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.