## VAN AUKEN et al. v. SECOND NAT. BANK & TRUST CO. OF SAGINAW, MICH., et al.

### No. 8336.

Circuit Court of Appeals, Sixth Circuit.

Feb. 14, 1941.

William Alfred Lucking, of Detroit, Mich., and Prentiss M. Brown, of St. Ignace, Mich. (Lucking, Van Auken & Sprague, of Detroit, Mich., on the brief), for appellants.

George R. Effler, of Toledo, Ohio, and Wm. C. O'Keefe, of Saginaw, Mich., for appellees Second Nat. Bank & Trust Co. and C. K. Eddy & Sons.

Frank A. Rockwith, of Saginaw, Mich., and George R. Effler, of Toledo, Ohio, for appellee Charlotte Eddy Morgan.

Miller, Canfield, Paddock & Stone, of Detroit, Mich., and Venable, Baetjer & Howard, of Baltimore, Md., for appellee Mercantile Trust Co. of Baltimore.

Before HICKS, ALLEN, and MARTIN, Circuit Judges.

PER CURIAM.

This cause has been heard and considered upon the transcript of the record and the briefs and oral argument of counsel.

The District Court recited in the final judgment, entered December 13, 1938, the findings of fact and conclusions therefrom that, on March 11, 1920, C. K. Eddy & Sons and Lila Eddy Doebler, counter-claimants' decedent, while of sound mind, entered into an agreement in writing, free from fraud, over-reaching and unconscionable conduct, for a valuable consideration, by which all asserted claims of counter-claimants were completely extinguished and released unto C. K. Eddy & Sons and the estate of Walter Eddy from all claims by Lila Eddy Doebler, her heirs, next of kin, personal representatives, executors and administrators, or persons holding under her. The District Court included, also, in the order of final judgment, findings and conclusions that, on January 30, 1908, while of sound mind, Lila ·E. Mc-Curdy (later Lila E. Doebler), and Walter S. Eddy, for a valuable consideration, entered into an agreement in writing for the sale and purchase of 7,812½ shares of stock of C. K. Eddy & Sons, which agreement was free from fraud, over-reaching and unconscionable conduct, and accordingly bars all claims for such.

The court found further that the two agreements constitute a complete release and extinguishment of the claims asserted by counter-claimants; that the latter have failed to sustain the burden of proof; that it appears from the testimony of cross-defendant that the agreements were executed and delivered in good faith and were free from fraud, over-reaching or unconscionable conduct; and that, at the time of the execution of the agreements, all parties were of sound mind and executed the same for a valuable and adequate consideration.

The District Court filed separate findings of fact, somewhat informal in form, but embracing all essential elements of required findings of fact pursuant to the Rules of Civil Procedure for the District Courts, 28 U.S.C.A. following section 723c; and these separate findings were consistent with the recitals in the foregoing final judgment.

We find in the record abundant substantial evidence to support the findings of fact of the District Court upon which judgment dismissing the counter-claims was based.

It appearing, further, from the record that no reversible error was committed by the District Judge, the final judgment of the District Court entered December 13, 1938, is in all respects affirmed.