CATTELL *v.* EVANS.

1. WILLS—RESIDUARY LEGACY—LAPSED SHARES—CLASS.
    Remaining three members of seven residuary legatees who were
        each bequeathed a one-seventh share would not be entitled to
        four-sevenths representing legacies lapsed and revoked where
        remaining three do not form a natural class and only com-
        mon attribute possessed by them is that of being legatees.

2. SAME—RESIDUARY LEGACY—CLASS GIFT—COMMON ATTRIBUTE.
    While not conclusive, the absence of a common attribute among
        residuary legatees militates against construing the residue
        as a class gift.

3. SAME—CLASS GIFT—NAMING OF RESIDUARY LEGATEES—SURVIVOR-
   SHIP.
    The naming of the residuary legatees and the absence of
        language creating survivorship among them indicate an in-
        tention not to make a class gift.

4. SAME—RESIDUARY LEGACY—CLASS GIFT—INTENT.
    Residuary legacy which first named seven legatees and then
        provided ''that each person provided for in this paragraph
        of my will shall take an equal and undivided one-seventh
        share, absolutely and forever,'' rebuts any intention to cre-
        ate a class gift.

5. SAME—RESIDUARY LEGACY—LAPSE OR REVOCATION IN PART.
    The portions of a residuary legacy which have lapsed or have
        been revoked must pass as intestate property where gift to
        a class was not made.

6. SAME—CONSTRUCTION.
    That construction of a will is favored which most nearly con-
        forms to the general law of inheritance.

7. SAME—CONSTRUCTION FAVORING HEIR.
    Construction of a will should be given which favors an heir
        rather than a construction which would deprive him of an
        equal share in the distribution of the property.

8. SAME—DISINHERITANCE OF HEIRS.
    An heir at law can only be disinherited by express devise or by
        necessary implication, and the implication must be such a
        strong probability that an intention to the contrary cannot
        be supposed.

Significant differences between effects of a conveyance to indi-
viduals singly and conveyance to a class, see 3 Restatement, Prop-
erty, chapter 22, introductory note.

In general, as to necessity of group-mindedness of conveyor in
limitations which create class gifts, see 3 Restatement, Property,
chapter 22, topic 1.

9. SAME—DISINHERITANCE OF CHILDREN—EXPLANATORY PROVISIONS.
Will of divorced testator who had given $9,500 to his former wife as a property settlement, which left $35 each to his two children by such wife, in residuary legacy named seven persons who were to get one-seventh each, seemingly disposing of his entire estate, stating that he gave nothing to his immediate family except the two legacies because he had paid a large sum in the separation from his wife, did not thereby disinherit his two children so they would not be entitled to lapsed and revoked portions of residuary legacy which passed as intestate property.

10. APPEAL AND ERROR—CONSTRUCTION OF WILL—ADMISSION OF PAROL TESTIMONY—HARMLESS ERROR.
Admission of parol testimony in suit to construe a will, tending to show a change of attitude on part of divorced testator toward his children, which had little if any probative value, was harmless error where the same conclusion would have been reached without such testimony.

BOYLES, NORTH, and STARR, JJ., dissenting.

Appeal from Lenawee; Rathbun (G. Arthur), J. Submitted March 13, 1942. (Docket No. 90, Calendar No. 41,878.) Decided May 18, 1942.

Bill by Cliff L. Cattell and others against Earl L. Evans, Meta Evans Titus, and Eugene Evans to obtain construction of a will. Cross bill by defendant Eugene Evans against plaintiffs and other defendants for construction of will and other relief. Suggestion of death of Eugene Evans and substitution of June A. Evans, administratrix of the estate of Eugene Evans, deceased, as defendant and cross-plaintiff. From decree rendered, plaintiffs and defendant and cross-plaintiff appeal. Affirmed.

*Bourns & Bird,* for plaintiffs.

*Alexander & Baldwin,* for defendants.

*Theodore Athos Joslin,* for defendant and cross-plaintiff.

BUSHNELL, J. This is an appeal from a decree construing the last will and testament of Lester E.

Evans, which was executed on December 16, 1929. Evans died on August 27, 1940. Evans was divorced in 1924 from his first wife, Alice L. Evans, by whom he had two children, Earl L. Evans and Meta Evans Titus, who are defendants in the instant case. Under the decree of divorce Evans gave his former. wife $9,500 as a property settlement, et cetera, and upon her death in 1933 she left in excess of $8,000, the bulk of which went to her son and daughter.

Evans subsequently married Lucy Keyes. Prior to this marriage the parties executed an ante-nuptial agreement by which Lucy Keyes limited herself to an undivided one-seventh interest in Evans' estate in the event she survived him. This agreement was executed on the same day as the will. No children were born as a result of this marriage and Lucy Keyes Evans predeceased the testator on November 17, 1939.

In his will Evans made a bequest of $35 to his son, Earl, and the same amount to his daughter, Meta. The will provided that the residue of his estate was to go to seven named persons, including Mrs. Evans, each to "take an equal undivided one-seventh share." Subsequently Evans erased the name of one of the residuary legatees from his will and drew a line through the names of two others. There is no dispute between the parties as to the lapse of Mrs. Evans' legacy and the revocation of the legacies to those whose names were erased and stricken from the will. See *In re Fox's Estate,* 192 Mich. 699.

The three remaining residuary legatees, Cliff L. Cattell, Elmer Horsfall and Christian L. Loop (plaintiffs herein) take the position that they are entitled as members of a class to the lapsed and revoked legacies to the exclusion of Evans' son and daughter and any other heirs at law. Defendants, the son and daughter of testator, contend that Evans

died intestate so far as the lapsed and revoked legacies are concerned and that they are entitled to this four-sevenths of the residue as his heirs at law. Eugene Evans, a brother of the deceased, filed a cross bill in which he insists that he is entitled to this four-sevenths because the will disinherited the son and daughter of the deceased and he is the sole remaining heir at law.

The trial judge filed a written opinion in which he found that the testator "always intended that none of those residuary legatees should receive but one-seventh of his estate," and that four-sevenths of the residue passed to Evans' son and daughter as intestate property. Subsequent to the filing of the cross bill and before the trial, Eugene Evans passed away. His administratrix and plaintiffs appeal from the decree entered conforming to the trial judge's opinion.

Unless the seven residuary legatees constitute a class, plaintiffs cannot prevail. They cite in support of their contention *In re Ives' Estate,* 182 Mich. 699. In the *Ives Case* the residuary legatees formed a natural class, viz., the brothers and sister of the testatrix.

Plaintiffs in the instant case do not form a natural class in that they possess no common attribute other than that of being legatees. Though this is not conclusive, the absence of a common attribute militates against construing the residue as a class gift. See 69 C. J. p. 240; note in L. R. A. 1918 B, at page 234; annotations in 75 A. L. R., beginning at page 773.

The residuary legatees were specifically designated by name, no words of survivorship were used, and there is no indication on the face of the will that the testator intended to make a class gift. The naming of the residuary legatees and the absence of the survivorship language indicate an intention

not to make a class gift. See *Wessborg* v. *Merrill,* 195 Mich. 556 (L. R. A. 1918 E, 1074), and notes in 75 A. L. R. beginning at page 783.

After naming the residuary legatees the will provides:

"that *each person* provided for in this paragraph of my will shall take an equal undivided one-seventh (1/7) share, absolutely and forever."

This language rebuts any intention to create a class gift. It therefore follows that the lapsed and revoked four-sevenths of the residue must pass as intestate property.

To whom, then, does the lapsed and revoked portion of the residue belong?

The answer depends upon whether testator's son and daughter were disinherited by the following language of the will:

"I give nothing, except the two legacies above provided for, to the immediate members of my family because in the separation from my wife I paid a large sum which I feel is all they are entitled to out of my estate."

In *LaMere* v. *Jackson,* 288 Mich. 99, comment, 38 Michigan Law Review, 575, it was held that a testator can by a provision in his will preclude an heir from participating in his intestate property. The Jackson will, as shown by the record in that case, reads:

"I give, devise, and bequeath unto William Jackson, my brother, the sum of five dollars, this amount to be in full for any and all bequests I would leave him as a brother or heir."

The language in the Evans will does not expressly state that testator's son and daughter shall not take intestate property as heirs, and such a conclusion is not necessarily implied by the language

of the will. The language used by the testator appears to be merely explanatory. At the time the will was executed it is clear the testator intended that all of his property should pass by operation of his will and therefore did not contemplate leaving any intestate property.

The court said in *Re Shumway's Estate,* 194 Mich. 245, 256 (L. R. A. 1918 A, 578):

"It is a standard rule that the law favors that construction of a will which conforms most nearly to the general law of inheritance. *Murdoch* v. *Bilderback,* 125 Mich. 45, and cases there cited."

In *Southgate* v. *Karp,* 154 Mich. 697, 701, the court said:

"The law is well established that the construction to be given should favor the heir who by another construction would be deprived of an equal share in the distribution of the property."

The court quoted from the authorities therein cited the following:

" 'Heirs at law are not to be disinherited by conjecture, but only by express words or by necessary implication.' "

" 'It is a maxim which applies here, as well as in England, that an heir at law can only be disinherited by express devise or necessary implication, and that implication has been defined to be such a strong probability that an intention to the contrary cannot be supposed.' "

The language used in the instant will does not expressly or by necessary implication disinherit the son and daughter and they are therefore entitled to the intestate property.

We are urged to hold that the trial judge erred in admitting certain parol evidence tending to show a change in the testator's attitude toward his son

and daughter. An examination of this testimony discloses that it has little if any probative value, and it does not appear to have influenced the trial judge's decision. Since the same conclusion should have been reached without this testimony, any error in that regard was harmless.

The decree of the trial court is affirmed, with costs to appellees.

CHANDLER, C. J., and BUTZEL and SHARPE, JJ., concurred with BUSHNELL, J.

BOYLES, J. (*dissenting*). Plaintiffs, as residuary legatees and devisees, are entitled to the residue of the estate. The intent of the testator, gleaned from the entire will as a whole, must prevail. The only question here is, did Evans intend the entire residue of his estate to go to the three beneficiaries designated in the residue clause whose names were not eliminated, or did he intend that four-sevenths of the residue should go to members of his family. He did not overlook his blood relations—he left a specific legacy of $35 to Earl, and the same to Meta. Thereafter, he disposed of the residue of his estate and plainly intended to shut the door against further participation by members of his family by the concluding paragraph of his will:

"Fifth: I give nothing, except the two legacies above provided for, to the immediate members of my family because in the separation from my wife I paid a large sum which I feel is all they are entitled to out of my estate."

Earl and Meta were the "immediate members" of his family receiving "the two legacies above provided for," and there can be no question but that the testator intended they have no further participa-

tion in his estate. After giving $35 each to Earl and Meta, he intended to dispose of the entire residue by paragraph four. In it he declared:

"All the rest, residue and remainder of my estate, whether real or personal, wheresoever located and situated, I give, devise and bequeath unto   *   *   * [certain named beneficiaries, plaintiffs herein]."

"The presumption is that a testator intended to dispose of his entire estate, and not to die intestate either as to the whole or any part thereof, and the will should be so construed, unless the presumption is clearly rebutted by the provisions of the will or by the evidence to the contrary." *In re Ives' Estate,* 182 Mich. 699.

Originally, he designated *seven* residuary legatees and devisees by name. Before the will was executed, or at least before it was admitted to probate as *the will* of Lester E. Evans, he struck out three names. A fourth (his subsequent wife) is eliminated by an antenuptial contract or by operation of law. This left three persons designated by name, to whom he left "all the rest, residue and remainder" of his estate. Originally, he had provided that each of his residuary beneficiaries should take "an equal undivided *one-seventh* share." Had the testator not overlooked changing this ·to "one-third," no doubt could be urged as to his intent. The failure to change "one-seventh" to "one-third" was a mere inadvertence, not a deliberate intent to leave the major part of his estate as intestate property. In the face of definite expressions of his intent in other parts of the will, the failure to make this change does not establish any intent to leave part of his property undisposed of, or that part of his estate should go to Earl and Meta. He definitely excluded them from participation by a subsequent clause in

the will. If there is any inconsistency between it and previous clauses, the last expression must prevail. In *Foster* v. *Stevens,* 146 Mich. 131, 139, we held:

"It is a well-established rule of construction that, if two clauses in a will are absolutely irreconcilable, the last prevails, as being the latest expression of the testator's wishes."

It is fundamental that the entire will must be given full consideration in determining the intent of the testator. No part is to be ignored, every part must be given effect unless contrary to some positive rule of law, and statutes and rules of law must be considered merely as secondary and not controlling of the intent of the testator where it can reasonably be found in the will. In *Foster* v. *Stevens, supra,* at pp. 135, 136, this court said:

"In the construction of a will the first duty of a court is to ascertain the intention of the testator. Such intention is to be ascertained from the whole will interpreted with reference to the obvious or manifest object of the testator. All parts of the instrument must be construed in relation to each other, so as to give meaning and effect to every clause and phrase, and, if possible, form one consistent whole; every word receiving its natural and appropriate meaning. 1 Redfield on Wills (1st Ed.), p. 431 *et seq.*; Page on Wills (1st Ed.), § 462, and cases cited. Chief Justice Marshall, of this intention, said:

" 'The intent of the testator is the cardinal rule in the construction of wills, and if that intent can be clearly perceived, and is not contrary to some positive rule of law, it must prevail.' *Finlay* v. *King's Lessee,* 3 Pet. (28 U. S.) 346 (7 L. Ed. 701)."

In the case at bar, there is no partial intestacy. If there is any occasion to resort to rules of law to

determine whether the testator intended to leave the residue to plaintiffs as a class, the case comes squarely within our decision in *Re Ives' Estate, supra.* In that case, the testatrix left the residue of her estate as follows:

"*Fifth.* After the payment of the above-named debts and expenses and legacies, I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal, and wherever situated, to my sister, Hattie Butterfield, and my brothers, Wesley and Dwight Skinner, to each an equal undivided one-third."

The testatrix then added a final clause (as in the case at bar), as follows:

"*Sixth.* I have not forgotten my adopted daughter, Helen H. Ives, but consider that she is sufficiently provided for already."

One of the three residuary beneficiaries (the sister) predeceased the testatrix. The adopted daughter, Helen H. Ives, claimed that therefore one-third of the residue lapsed and that she was entitled to it as intestate property, as an heir-at-law, relying on the provision in the residuary clause "to each an equal undivided *one-third.*" Reversing the lower court, we held that she was not entitled to share as an heir at law:

"We recognize the general rule contended for by appellee that, where property is given to several persons by name, to be equally divided between them, they take as tenants in common, and not as joint tenants, or as a class. But the authorities hold, we think, that this rule yields to a different construction when it plainly appears from the will that it was the intention of the testator that the survivors should take the whole. We think that this is such a case, and that for the reasons stated

the trial court erred in its conclusion in reversing the action of the probate court.

"In our opinion, it is not necessary to go outside of the will and the conceded facts to reach this conclusion."

In *Re Hunter's Estate,* 212 Mich. 380, the testator left all his property to two sisters, naming them, "share and share alike." In the succeeding paragraph, the testator declared that his half-sister, and all other relatives, were intentionally omitted. One of the two sisters predeceased the testator and her heir at law attempted to obtain a part of the estate as an intestate property. This court denied the claim and held that the surviving sister was entitled to the entire estate. To the same effect, see *Rodey* v. *Stotz,* 280 Mich. 90.

In the case at bar, we must take the will as it was admitted to probate. It is apparent that the instrument was changed by the testator during his lifetime. He was within his rights in so doing. Parts of a will may be revoked by cancelling or obliterating the same. Act No. 288, chap. 2, § 9, Pub. Acts 1939 (Probate Code) (Comp. Laws Supp. 1940, § 16289–2 [9], Stat. Ann. 1941 Cum. Supp. § 27.3178 [79]).

A conclusion that the testator intended a gift to a class must follow when the intent, gathered from the entire will, is to that effect. In the *Ives Case,* we held that it was the intent of the testatrix to give the residue of her estate to a class, her brothers and sister. She intended that a certain class of family relatives should take. In the case at bar, the testator plainly intended that no members of his family should take anything of the residue. The testator definitely excluded all members of his family from participation in the residue. The "immediate members" of his family were excluded as a class. The

defendants herein are excluded from participation in the residue of his estate. This reasoning excludes Eugene Evans, brother of the testator, as well as Earl and Meta. No claim is made on behalf of Lucy Keyes, later the wife of the testator, who predeceased him. Plaintiffs (appellants) are the residuary legatees and devisees under this will and are entitled to the residue of the estate.

The decree should be set aside and one should be entered to that effect, with costs to appellants.

NORTH and STARR, JJ., concurred with BOYLES, J. WIEST, J., did not sit.