## *In re* MARTZ'S ESTATE.

1. WILLS—SPECIFIC BEQUEST TO SISTER "AND UNTO HER HEIRS AND ASSIGNS FOREVER"—LAPSE BY DEATH BEFORE TESTATOR.

   Specific bequest of money to testator's sister "and unto her heirs and assigns forever" lapsed when the sister predeceased testator, the quoted words defining the estate granted and not designating remaindermen, in the absence of intent to create a life estate.

2. SAME—CLASS GIFT—COMMON ATTRIBUTE OF RESIDUARY LEGATEES.

   The absence of a common attribute other than that of being legatees militates against construing the residue as a class gift.

3. SAME—RESIDUARY LEGACY—CLASS—SURVIVORSHIP—LAPSE—INTESTACY.

   Legacy in residuary clause to testator's sister "and unto her heirs and assigns forever" lapsed and became intestate property where persons named as residuary legatees did not constitute a complete class, there were no words of survivorship and no disposition made in case legatees predeceased testator.

4. SAME—LAPSED LEGACY—INTESTATE SUCCESSION.

   By failing to provide for distribution of legacy upon the contingency of death of the legatee before testator, the latter is demed to have intended devolution of such legatee's share by operation of law.

5. SAME—ADOPTED DAUGHTER—EXPLANATORY PROVISIONS—INTESTATE PROPERTY.

   Statement in will that testator had intentionally omitted his adopted daughter from his will as he had "already made ample provision for her by a trust agreement now in effect" *held*, explanatory for not further providing for her but not to have disinherited her, hence she is entitled to intestate property.

Appeal from Macomb; Spier (James E.), J. Submitted April 8, 1947. (Docket No. 6, Calendar No. 43,596.) Decided June 27, 1947.

In the matter of the estate of George H. Martz, deceased. On petition of National Bank of Detroit, executor, praying among other things for construction of will. From order entered National Bank of Detroit, executor, and Albert A. Martz appealed to circuit court. Order affirmed. National Bank of Detroit, Albert A. Martz, Gretchen Ross and others appeal. Cases consolidated on appeal. Affirmed.

*Ernest C. Wunsch* and *Charles A. Retzlaff*, for appellants Martz and National Bank of Detroit.

*Bert V. Nunneley* and *Frank E. Jeanette*, for appellee Margaret Martz Heineman.

SHARPE, J. This is an appeal from an order construing the last will and testament of George H. Martz which was executed on October 24, 1941.

The pertinent provisions of the will read as follows:

"Second: I give and bequeath to my sister Henrietta Martz, and unto her heirs and assigns forever, the sum of $5,000, as recognition of the sacrifice she made in the loan to our sister, Emma Nagel.

"Third: All the rest, residue and remainder of my estate, real, personal and mixed, of whatever nature and wheresoever situated, which I may own or have the right to dispose of at the time of my decease, I give, devise and bequeath as follows:

"(A) To my brother, Albert A. Martz, a one-fourth part and share thereof and unto his heirs and assigns forever.

"(B)   To my sister, Eva M. Willette, a one-fourth part and share thereof, and unto her heirs and assigns forever.

"(C)   To my sister, Henrietta Martz, a one-fourth part and share thereof and unto her heirs and assigns forever.

"(D)   To my nieces and nephew, Gretchen Ross, Dorothy Nagel and William A. Nagel, children of my deceased sister, Emma Nagel, each a one-twelfth part and share thereof and unto their heirs and assigns forever.

"Fourth: I have intentionally omitted from this my last will and testament my daughter Margaret Martz Heineman, having already made ample provision for her by a trust agreement now in effect."

Testator was survived by the following persons: Albert A. Martz, a brother; Eva M. Willette, a sister; Gretchen Ross, Dorothy Nagel and William A. Nagel, children of Emma Nagel, testator's deceased sister; Elsie Hoff Thiermann, daughter of Matilda Hoff, a deceased sister; Clara K. Conte, daughter of Abbie Krapp, a deceased sister; and Margaret Martz Heineman, deceased's adopted daughter. Henrietta Martz, the sister mentioned in the above provisions of the will, predeceased the testator by eight days, leaving no issue.

The trial court entered an order providing: -

"2.   That the specific legacy of $5,000 bequeathed to Henrietta Martz, sister of said deceased, by paragraph second of the will, lapsed by reason of her death prior to testator, and becomes and is a part of the residuary estate.

"3.   That the specific bequest to Henrietta Martz, sister of said deceased, by subparagraph (c) of paragraph third of the last will and testament, of a one-fourth part and share of the residuary estate,

lapsed by reason of her death prior to testator, and thereby became and is intestate property descending to the heir at law of said deceased in accordance with the statutes of descent and distribution.

"4. That Margaret Heineman, the daughter of said deceased, is determined to be his sole heir at law, and thereby inherits and is entitled to the one-fourth part of the residuary estate bequeathed to Henrietta Martz."

In the opinion of the trial court, it is stated:

"The wording of the residuary clause seems to negative any intention to treat the residuary legatees as a class, and the children of two other deceased sisters are omitted.

"There does not appear, from the fact of this instrument itself, sufficient expression of intent on the part of the testator to justify the court in surmising that he would want any lapsed one-quarter or one-twelfth to go to the surviving residuary legatees.   *   *   *

"The words of the fourth clause in question seem to be merely explanatory of testator's action, and are not directive or mandatory in nature, as they so easily could have been made had the testator so intended.   *   *   *

"The same ruling should apply to the legacy set up in the second paragraph of the will, and said legacy held to be lapsed, and disposed of as intestate property. The wording of this paragraph would not justify the court in determining the testator intended it as a payment of a legal or even moral obligation, but a more natural interpretation would be that he intended it as a mere bounty or reward for an act of kindness."

Appellants appeal and urge:

"(1) That the court erred in determining that the specific bequest made in the second paragraph of the will of George Martz, deceased, became intestate property.

"(2)   That the court erred in determining that the bequest made to Henrietta Martz in the third paragraph of the will of George Martz, deceased, became intestate property.

"(3)   That the court erred in determining that the said specific bequest descended to Margaret Martz Heineman.

"(4)   That the court erred in determining that the said Margaret Martz Heineman is the sole heir of the deceased.

"(5)   That the court erred in determining that the said Margaret Martz Heineman is entitled to any share of the estate of the deceased."

It is the position and claim of appellee, Margaret Martz Heineman, daughter and sole heir at law of said deceased, that the legacy to Henrietta Martz provided in the second clause of the will lapsed at her death and became part of the residue of said estate, and, also, that the bequest of one-fourth of the residue of said estate in paragraph (C) of the third clause of the will to Henrietta Martz lapsed by reason of her death prior to the death of testator, and, there being no provision in the will covering that eventuality, it became intestate property, which, under the law, passed to the heir at law of the deceased, Margaret Martz Heineman.

It is the position and claim of appellants that the share of the estate given to the person who predeceased the testator passes to the heirs of that person. It should be noted in the case at bar that the specific and residuary legacies use the following words: "and unto her heirs and assigns forever."

*In re Spier's Estate,* 224 Mich. 658, one Alice B. Spier died leaving a last will and testament in which she bequeathed certain real estate to her husband James P. Spier "and to his heirs and assigns forever." The husband predeceased testatrix by more than 18 months, but she did not alter her will thereafter. In construing testatrix' will we said:

"The use of the words 'heirs and assigns,' following a devise or bequest as here made, has, we think, uniformly been held to define the estate given or granted, and not to designate the .persons who should take by way of remainder unless an intent to create a life estate clearly appeared. * * *

"We feel constrained to hold that the provision for the husband in the second paragraph of the will lapsed."

See, also, 78 A. L. R. 992; 128 A. L. R. 94; and 4 Page on Wills (3d Ed.), § 1420.

We are constrained to hold that the use of the words "and unto her heirs and assigns forever" did not prevent a lapse of the legacy.

Appellants also urge that the residuary legatees and devisees constitute a natural class, being the brothers and sisters of deceased, and rely upon *In re Ives' Estate,* 182 Mich. 699, in support of their position. We there said:

"We are of opinion that the following claim of appellants is supported by the weight of authority:

" 'Where it is evident from the whole' tenor of the will that testator, in making the gift of an aggregate sum to certain relatives, intended to provide for them collectively as a class, the designation of each individual by name, or the use of distributive words, or words denoting equality, will not be held to make the gift operate as a gift of a separate interest to each individual named, which would lapse by his death before the testator.' "

And held that the legatees, being the brothers and sister of deceased, constituted a natural and complete class.

Appellees rely upon *Cattell* v. *Evans,* 301 Mich. 708. In that case Evans executed a will. A bequest of $35 was made to his son Earl and a like bequest was made to his daughter Meta. The residue of his

estate was to go to seven named persons, including Mrs. Evans who predeceased the testator. Subsequently, Evans erased the name of one of the residuary legatees from his will and drew a line through the names of two others. The three remaining legatees took the position that they were entitled as members of a class to the lapsed and revoked legacies to the exclusion of Evans' son and daughter and any other heirs at law. We there said:

"Plaintiffs in the instant case do not form a natural class in that they possess no common attribute other than that of being legatees. Though this is not conclusive, the absence of a common attribute militates against construing the residue as a class gift. * * *

"The residuary legatees were specifically designated by name, no words of survivorship were used, and there is no indication on the face of the will that the testator intended to make a class gift. The naming of the residuary legatees and the absence of the survivorship language indicate an intention not to make a class gift."

We do not think the *Ives Case* is controlling. In that case the legatees were all the brothers and a sister of the deceased. In the case at bar there is no complete class. Some of the legatees are a brother and sisters, some nieces and nephews, and another niece and nephew were not mentioned in the will. Moreover no words of survivorship appear in the will, nor is there any provision indicating what the testator desired should any of the named legatees predecease him.

In coming to our conclusion in this case we have in mind that testator failed to provide for the contingency that presently exists. *In re Coots' Estate,* 253 Mich. 208, the residuary bequests were to named persons. The will devised a life estate in trust to

testator's wife and son William who survived his mother and died without issue or lineal heirs. The will provided:

"(c) In case my said son shall die without leaving issue or lineal heirs, I direct that all of the rest, residue and remainder of said property and estate, after the payment of said sum of ten thousand dollars, ($10,000) to the widow of my said son, shall be divided equally among William J. Coots, son of my brother John, Nellie L. Coots Daly, daughter of my brother John; Walter M. Coots, son of my deceased brother Charles; Arthur J. Oldfield, George C. Oldfield, Walter J. Oldfield and Gertie Oldfield, children of my sister Hannah, in equal shares."

We there said:

"The question is whether the shares of the residue devised to the deceased Coots niece and nephews passed to their respective heirs, devisees and assigns, became intestate property going to testator's heirs, or devolved upon the four Oldfields as survivors of a class or as residuary legatees.

"Testator intended the distribution as set out to be the last expression of his will, upon the hypothesis or hope that all remaindermen would take personally, as no provision was made for the contingency of any of them failing to survive the wife and son. By failing to provide for such contingency, testator must be deemed to have intended that future eventualities which would change the plan as written should be taken care of by the law. The contention that testator intended to keep the property within the group of remaindermen and that the survivors of them would take the whole estate is not supported by the language or scheme of the will and is contrary to the plainly intended equality and finality of division. The will evidences no intention to treat the

nephews and nieces as a class, with rights of sur-
vivorship, and, as they were named and described
specifically and no open end was left to eject any of
those designated or to admit others, they did not
take as a class. *In re Ives' Estate,* 182 Mich. 699;
*Wessborg* v. *Merrill,* 195 Mich. 556 (L. R. A. 1918 E,
1074) ; *In re Hunter's Estate,* 212 Mich. 380.   *   *   *
·"But a lapsed or ineffectual. legacy or devise of ·
a portion of the residuary estate itself, where the
legatees. or devisees take in common, does not inure
to the benefit of the survivors, but the interest of
the deceased becomes intestate estate and passes to
the next of kin or heirs at law of the testator.
(Citing cases.)   The shares of residue represented
by the three Coots children, who predeceased
William, became intestate property and are to be
distributed as such to the heirs at law of the tes-
tator."

We conclude that the legacy in the residuary
clause ·of the will to Henrietta Martz lapsed and
became intestate property and as such is to be dis-
tributed to testator's heirs at law.

Appellants also urge that the will disinherits the
adopted daughter and rely upon the *Ives Case* in
support of such claim.   In that case the specific
bequest reads as follows:

"Four and one-half: I give, devise and bequeath
unto my adopted daughter, Helen H. Ives, the sum
of ten thousand dollars, to be paid out of my estate
at the time of the final settlement thereof: Pro-
vided, however, that this bequest is made upon the
express condition that my said daughter shall not
contest or oppose the probate and administration
of my said will, or procure any person to contest
the same, or aid in any manner in contesting said
will, or in preventing the same being probated and
carried out.   And in case of any such act or acts
on the part of my said adopted daughter, then the

provision above mentioned in her behalf shall be
null and void, and the sum of ten thousand dollars
above mentioned shall be distributed according to
the provision of said will as it existed prior to the
making of this codicil."

We there said:

"An examination of the will and codicil satisfies
us that it was the intention of the testatrix to give
to her adopted daughter only the sum of $10,000
upon the terms stated, and to give to her brothers
and sister the residue of her property. Not only
do the instruments when read together indicate
this, but the family history and undisputed circum-
stances all point in the same direction. The fact
that she did not change her will after the death of
her sister, Mrs. Butterfield, is a significant circum-
stance."

Appellee relies upon *Cattell* v. *Evans, supra,* in
support of her theory that the language used in
paragraph four of the will does not disinherit the
adopted daughter. In the *Cattell Case* the testator
made a bequest of $35 to his son and a like bequest
to his daughter. The will also provided:

"I give nothing, except the two legacies above pro-
vided for, to the immediate members of my family
because in the separation from my wife I paid a
large sum which I feel is all they are entitled to out
of my estate."

We there said:

"The language in the Evans will does not ex-
pressly state that testator's son and daughter shall
not take intestate property as heirs, and such a
conclusion is not necessarily implied by the lan-
guage of the will. The language used by the testator
appears to be merely explanatory. At the time the

will was executed it is clear the testator intended that all of his property should pass by operation of his will and therefore did not contemplate leaving any intestate property.''

In our opinion the language used in the case at bar is explanatory of testator's reasons for not further providing for his adopted daughter. It cannot be inferred from the language used that testator intended that his adopted daughter could not inherit in the event that a contingency arose such as did arise in this case. The language does not expressly or by necessary implication disinherit the daughter and she is, therefore, entitled to the intestate property. Other questions have been raised, but in view of our conclusions in this matter, they do not require discussion or decision.

The order of the trial court is affirmed, with costs to appellee.

CARR, C. J., and BUTZEL, BUSHNELL, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.