ALLEN *v.* HEIKKINEN.

1. WILLS—CONSTRUCTION—RESIDUARY BEQUEST TO WIFE.
   Residuary bequest in testator's will leaving his property to his
   wife "to her and her heirs forever" was properly construed
   as words of limitation indicative of the nature and extent
   of the estate intended to be given her and may not be con-
   strued as making her heirs substituted devisees or legatees
   under the will in the event the wife predeceased testator.

2. SAME—ORAL TESTIMONY—AMBIGUITY.
   Oral testimony bearing on testator's intent and introduced by
   heirs of residuary legatee, wife of the testator, over objection
   of defendants, heirs-at-law of testator who had survived his
   wife, was properly disregarded where the language of the will
   was not ambiguous.

3. SAME—WORDS OF LIMITATION—LAPSING OF RESIDUARY LEGACY.
   The technical words to create a fee are by a devise to one and
   his heirs, and the words "heirs and assigns" are words of lim-
   itation and not of purchase, hence, trial court properly held
   that residuary bequest to testator's wife, "to her and her heirs.
   forever" lapsed where she predeceased testator.

Appeal from Ingham; Coash (Louis E.), J. Sub-
mitted April 12, 1961. (Docket No. 74, Calendar No.
48,893.) Decided September 22, 1961.

Bill by Archibald R. Allen and Joyce Wood against
Arthur Heikkinen, administrator with will annexed

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 57 Am Jur, Wills § 1430.
   Devise or bequest to one "or his heirs" or to one "and his heirs" as
   affected by death of person named before death of testator. 78.
   ALR 992, 128 ALR 94.
[2] 57 Am Jur, Wills § 1040.

of the estate of Arthur C. Berger, deceased, and others interested in the deceased's estate, for construction and interpretation of will to entitle them to residue.    Decree for defendants.    Plaintiff Allen appeals.   Affirmed.

*Glassen, Parr, Rhead & McLean* (*Roland F. Rhead,* of counsel), for plaintiff Allen.

*Benjamin F. Watson,* for defendants.

CARR, J.  This case involves the interpretation of 1 paragraph of the last will and testament of Arthur C. Berger, a resident of Livingston county, who deceased January 18, 1958.   Said will was executed March 19, 1949.   After certain directions with reference to the payment of debts and expenses, and bequests to 2 of his sisters, the testator provided in paragraph 5 that:

"All the rest and residue of my estate and property of every name, nature and description, both real and personal, and wherever situated, I give, devise and bequeath to my wife, Iley E. Berger, to her and her heirs forever."

Mrs. Berger predeceased testator, her death occurring in 1955.   The will of Mr. Berger was not thereafter changed.

Plaintiffs in the instant case are a brother and a sister of Mrs. Berger, and her sole heirs as of the time of her death.   They instituted the present suit in equity for the purpose of obtaining a construction of the paragraph of Arthur Berger's will above quoted.   It was their claim in the trial court, in substance, that they, as heirs of Mrs. Berger, became substituted for her in the residuary clause of the will and, hence, were entitled to the residue of the estate of Arthur C. Berger.   The defendants in the case were at the time the suit was instituted heirs of

Arthur Berger and personal representatives of certain deceased or incompetent heirs. The administrator of his estate was also joined as a party defendant. Answers were filed by the administrator and on behalf of certain of the defendants, in substance denying that plaintiffs were entitled to the relief sought by them. On the hearing in circuit court it was claimed on behalf of defendants that the language of the will was not ambiguous, that parol evidence was not competent for the purpose of establishing the actual intent of the testator, and that the reference in the paragraph quoted to the heirs of Mrs. Berger merely indicated the nature of the estate given to her and did not as a matter of law substitute plaintiffs for their sister under the clause in question.

Following the hearing in circuit court on which plaintiffs were permitted, over objection, to introduce testimony offered for the purpose of showing testator's intention, the trial judge filed an opinion upholding the claim of the defendants as to the meaning of paragraph 5 of Arthur C. Berger's will, and further specifically finding that the provision made for the wife lapsed at the time of her death with the result that such portion of the estate as would have gone to Mrs. Berger had she survived her husband became a part of the estate and subject to the law relating to descent and distribution of property not disposed of by will. A decree was entered in accordance with the opinion, and plaintiff Allen has appealed.

The provisions of the will suggest that it was drawn with care. The wife of testator was nominated as executrix, with a request that she be allowed to serve without bond. There is nothing in the instrument indicating that testator considered the possibility that she might predecease him. The provision giving her the entire estate, subject to prior

paragraphs of the instrument, suggests that her welfare was given paramount consideration. Had it been intended that in the event her death occurred before that of testator her heirs should be substituted in her place, we think appropriate language to indicate such intention would have been used. We think it clear that had she survived her husband she would have been entitled to an estate in fee simple in the property subject to disposition under the residuary clause. The trial court was right in construing the reference to heirs as indicative of the nature and extent of the estate intended to be given to Mrs. Berger. The terms used must be construed as words of limitation, descriptive of the estate intended to be given to the beneficiary, and may not be construed as making the heirs of Mrs. Berger substituted devisees or legatees under the will. Oral testimony introduced, over objection, on the hearing in circuit court as bearing on the intent of the testator was disregarded by the trial judge, and properly so. The language of the will was not ambiguous. It expressed clearly the intention of the testator at the time the instrument was executed.

The construction of language similar to that involved in the paragraph of the will of Arthur C. Berger has been considered in prior decisions of this Court. A case frequently cited is *In re Spier's Estate,* 224 Mich 658. In that case the testatrix, Alice V. Spier, a resident of Calhoun county, left a will by the terms of which certain real and personal property was devised and bequeathed to her husband, the instrument declaring in connection therewith that: "it being my intention that this bequest shall be to my said husband, James P. Spier, and to his heirs and assigns forever." The husband predeceased testatrix who at her death left 4 children as heirs. It was there contended, as in the case at bar, that the inclusion in the bequest of the reference to heirs and

assigns prevented a lapse on the death of the husband, and that the property passed to the heirs and personal representatives of James P. Spier. This Court disagreed with such claim, holding that the property devised and bequeathed to him must pass pursuant to the statutes governing the disposition of intestate property. Among other authorities cited in support of the holding was 2 Schouler on Wills (6th ed), § 1181, where it was said:

"The technical words to create a fee are by a devise to one and his heirs, and the words 'heirs and assigns' are words of limitation and not of purchase."

Statements of other text writers, and in Court decisions, are in accord with the rule of construction quoted.

The above case was cited with approval and followed in *In re Martz's Estate,* 318 Mich 293, which involved the interpretation of a provision of the last will and testament of George H. Martz. Said instrument gave and bequeathed to a sister of testator "and unto her heirs and assigns forever," the sum of $5,000, and also a 1/4 interest in the residuary estate. Said sister predeceased the testator by 8 days, leaving no issue surviving her. It was held that the claim of the heirs of said sister that they were entitled to be substituted in her place and to receive the legacy and the bequest was not well-founded as a matter of law, and that both had lapsed. In reaching such decision the Court pointed out that testator had failed to provide for the contingency that had arisen. A like situation obtains in the case at bar.

In accordance with recognized principles governing the interpretation of testamentary language of the character here involved, as recognized in the above cases and in other prior decisions of this

Court, we conclude that the trial judge came to the correct determination of the controversy, and the decree entered, denying relief to the plaintiffs, is affirmed. Appellees may have costs.

Dethmers, C. J., and Kelly, Talbot Smith, Black, Edwards, Kavanagh, and Souris, JJ., concurred.