*In re* ROACH ESTATE

Docket No. 92234. Submitted November 12, 1987, at Lansing. Decided
February 17, 1988.

Emma Roach was one of the nine Firch children born and reared
on a farm in Alpena, Michigan. One sibling died at an early
age. Four of the surviving eight children—Charles, Ida, Emma,
and Hattie—left the farm and the three women married. The
remaining four children—Fred, Otto, Grace and Martha—never
left the farm and never married or had children. The Firch
family farm passed from successive generations to Fred, the
eldest son. From Fred it passed to Otto, then from Otto to
Grace, and then from Grace to Martha. At her death Martha
devised it to her only nephews—Willard, John, Edwin and
Melvin Attenberger—the children of Ida. These four were the
residuary beneficiaries under Martha's last will and testament.
Emma died testate and the will, after certain specific bequests,
left the residue of the estate "to my sisters Grace Firch and
Martha A. Firch and to my brothers, Fred Firch and Otto
Firch, all of the City of Alpena, Michigan, and to their heirs,
executors, administrators and assigns forever." At the time of
Emma's death, the sole surviving sibling was Hattie Meyer. A
petition for probate of Emma's will was filed in the Wayne
County Probate Court and John Attenberger was appointed
independent personal representative. After the proceedings
were transferred to the Roscommon County Probate Court for
convenience of the parties and counsel, the personal represen-
tative moved for interpretation of the residuary clause in

REFERENCES

Am Jur 2d, Wills §§ 971, 1348, 1416, 1539 *et seq.*; 1611 *et seq.*

Wills: gift to persons individually named but also described in
terms of relationship to testator or another as class gift. 13
ALR4th 978.

Wills: gift over to "survivors" of class or group of designated
beneficiaries as restricted to surviving members of class or group,
or as passing to heirs or representatives of deceased beneficiary.
54 ALR3d 280.

Bequest of stated amount to several legatees as entitling each to
full amount or proportionate share thereof. 1 ALR3d 479.

When is a gift by will or deed of trust one to a class. 61 ALR2d 212.

Emma's will. He argued that the clause constituted a class gift to Emma's four siblings who remained on the farm, that this gift passed to Martha as the last survivor and then, by Martha's will, to her nephews, Willard, John, Edwin and Melvin Attenberger, as substitutional legatees. Hattie Meyer's court-appointed guardian ad litem argued to interpret the residuary clause and the laws of intestate succession to effect the leaving of one half of the estate's residue to Hattie and the other half to Emma's four surviving nephews for division among themselves. The court, H. B. Gaylor, J., opined that the residuary clause created a class gift that passed under the will of the last surviving member of the class. Following its appointment as conservator of Hattie's estate, First Federal Savings Bank & Trust requested rehearing as to this interpretation and also challenged as improper the change of venue from Wayne to Roscommon County. Both requests were denied. First Federal appealed by leave granted.

The Court of Appeals *held:*

1. The court properly allowed the use of extrinsic evidence to show that the will was latently ambiguous.

2. The court's finding that the residuary clause was intended to create a class gift was not clearly erroneous.

3. The court clearly erred in the disposition of the residue of the estate. A residuary gift lapses and passes under the laws of intestacy where the legatees all fail to survive the testator or to have issue surviving the testator.

Reversed.

1. WILLS — JUDICIAL CONSTRUCTION — AMBIGUITIES — EXTRINSIC EVIDENCE.

Extrinsic evidence may be used to show that the terms of a will are ambiguous and in need of judicial construction.

2. WILLS — CLASS GIFTS.

The fact that a testator named particular individuals while designating equal shares does not necessarily rule out a finding that a class gift was intended.

3. WILLS — LAPSING — RESIDUARY LEGATEES.

A residuary gift lapses and passes under the laws of intestacy where the legatees all fail to survive the testator or to have issue surviving the testator.

*John M. Chase, Jr.,* and *Mayer & Mayer* (by *Thomas C. Mayer*), for First Federal Savings Bank & Trust.

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Everett R. Zack*), for John R. Attenberger.

Before: GRIBBS, P.J., and WEAVER and C. H. MORCOM,* JJ.

PER CURIAM. First Federal Savings Bank & Trust, as conservator of the Estate of Hattie Meyer, appeals by leave granted from a probate court order which denied appellant's motions for rehearing on the interpretation of the will of Emma H. Roach.

I

Emma Roach was one of the nine Firch children born and reared on a farm in Alpena, Michigan. One sibling died at an early age. Four of the surviving eight children—Charles, Ida, Emma (the deceased herein), and Hattie (the protected person on whose behalf her conservator brings this appeal)—left the farm and the three women married. The remaining four children—Fred, Otto, Grace and Martha—never left the farm and never married or had children.

The Firch family farm passed from successive generations to Fred, the eldest son. From Fred it passed to Otto, from Otto to Grace, and from Grace to Martha. At her death Martha devised it to her only nephews—Willard, John, Edwin and Melvin Attenberger—the children of Ida. These four were the residuary beneficiaries under Martha's last will and testament.

The last will and testament of Emma Roach was dated October 10, 1952, wherein Emma made pecuniary legacies to each of her seven sisters and brothers then living. However, at the time of

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

Emma's death on October 14, 1984, Hattie was Emma's sole surviving sibling and was living in a nursing home in Detroit, Michigan. Emma's will bequeathed $15,000 each to her sisters Martha and Grace, and $10,000 each to her brothers Otto and Fred. These were the four who had remained on the farm. Emma bequeathed $500 each to her brother Charles and her sisters Ida and Hattie. She also left to her nephew, John Attenberger, her interest in the partnership business known as the Winter Auto Electric Service of Detroit, Michigan, and appointed him executor of her last will and testament. She disposed of the residue of her estate as follows:

> TENTH: All of the rest, residue and remainder of my estate, real, personal and mixed, of every kind and nature whatsoever and wheresoever situated, I give, devise and bequeath in equal shares to my sisters Grace Firch and Martha A. Firch and to my brothers, Fred Firch and Otto Firch, all of the City of Alpena, Michigan, and to their heirs, executors, administrators and assigns forever.

Emma's estate at the time of her death consisted of more than $870,000 in stock, bonds, cash and checks. A petition for probate of Emma's will was filed in Wayne County and John Attenberger was appointed independent personal representative. After the proceedings were transferred to Roscommon County for convenience of the parties and counsel, the personal representative moved for interpretation of Paragraph Tenth, the residuary clause in Emma's will. He argued that Paragraph Tenth constituted a class gift to Emma's four siblings who remained on the farm, that this gift passed to Martha as the last survivor and then, by her (Martha's) will, to her nephews, Willard, John, Edwin and Melvin Attenberger, as substitutional

legatees. However, Hattie Meyer's court-appointed guardian ad litem argued to interpret Paragraph Tenth and the laws of intestate succession to effect the leaving of one half of the estate's residue to Hattie and the other half to Emma's four surviving nephews for division among themselves.

The probate court opined that the residuary clause created a class gift that passed under the will of the last surviving member of the class. Following its appointment as conservator of Hattie's estate, appellant requested rehearing as to this interpretation and also challenged as improper the change of venue from Wayne to Roscommon County. Both requests were denied. This Court granted leave to file a delayed appeal from the Roscommon County Probate Court's order interpreting Paragraph Tenth of Emma's will, as well as from the order denying rehearing of that order.

II

On appeal, Hattie's conservator first argues that the probate court clearly erred when considering extrinsic evidence in order to determine Emma's testamentary intent. We disagree with this contention.

The will was ambiguous. This ambiguity was not patent—that is, it did not arise from the face of the instrument itself—because the instrument contained no defective, obscure or insensible language. *In re Kremlick Estate,* 417 Mich 237, 240; 331 NW2d 228 (1983), reh den 417 Mich 1143 (1983).[1]

[1] Paragraph Tenth stated that Emma was giving all the rest, residue and remainder of her estate in equal shares to her sisters Grace and Martha and to her brothers Fred and Otto, "and to their heirs, executors, administrators and assigns forever." Rather than indicating the intent of the testatrix to name substitute devisees or legatees under the will, the words "heirs, executors, administrators

Rather, the ambiguity was latent. Despite the use of clear language, extrinsic facts created the possibility that a class gift may have been intended. *Id.*

The probate court's paramount concern in interpreting the will was to determine the intent of the testatrix. *In re Butterfield Estate,* 405 Mich 702, 711; 275 NW2d 262 (1979). Intent could be ascertained from the will itself where there existed no ambiguity. *Id.* In the event of an ambiguity, however, the court could look to surrounding circumstances and rules of construction in order to find intent. *Kremlick, supra* at 240. Extrinsic evidence was permissible to show the existence of the ambiguity itself. *Id.* at 241. Therefore, the probate court in its effort to find intent properly allowed use of such evidence to show that the will contained an ambiguity.

### III

Appellant next argues that the probate court's finding of intent to create a class gift was clearly erroneous. We disagree.

The fact that Emma named particular individuals while designating equal shares does not necessarily rule out a finding that she intended to create a class gift. This is because: (1) the creation of individual gifts left open the possibility of intestacy, thereby conflicting with the presumption that the testatrix intended to dispose of all her property by will; and (2) the will contained evidence that the testatrix may have intended to make a class gift. *In re Ives' Estate,* 182 Mich 699; 148 NW 727 (1914); *In re Hicks Estate,* 345 Mich 448, 452; 75 NW2d 819 (1956). The four named individuals

and assigns forever" are words of limitation merely describing the type of estate granted to Grace, Martha, Fred and Otto. *Allen v Heikkinen,* 364 Mich 129, 132-133; 110 NW2d 792 (1961).

shared common attributes other than the fact that they were legatees. *Cattell v Evans,* 301 Mich 708, 711; 4 NW2d 67 (1942). Each remained on the family farm, and each received much larger monetary bequests than did the brother and two sisters who left the farm.

In light of the foregoing, it cannot be said that the probate court clearly erred when finding that Emma intended to make a class gift.

IV

Finally, appellant argues that, because the interests of the beneficiaries named in the residuary clause failed to vest when they died without issue, Emma's residuary gift lapsed, passing by intestacy to her heirs at law. We agree. The probate court's finding that the residue of Emma's estate passed to her nephews under Martha's will was clearly erroneous.

None of Emma's residuary beneficiaries survived her, the last survivor (Martha) having died in 1978. Because Emma's estate did not come into being until the time of the her death in 1984, MCL 554.41; MSA 26.41, it was not possible for the residue of Emma's estate to pass to Martha and from thence to Martha's residuary legatees except by application of the antilapse statute, MCL 700.134; MSA 27.5134.[2]

---

[2] The antilapse statute, MCL 700.134; MSA 27.5134, provides:

(1) *If a lineal descendant of a grandparent of the testator* who is designated as a devisee or would have been a devisee under a class gift had the descendant survived the testator, *fails to survive the testator,* whether the devisee dies before or after the execution of the will, *or is deemed to have predeceased the testator, the issue of the deceased devisee* who survive the testator by 120 hours *shall take in place of the deceased devisee by representation.* A person who would be a devisee under a class gift if that person survived the testator is treated

Although this statute was not considered by the probate court when reaching its decision, the court's consideration of the statute would not have prevented the residuary bequest from lapsing. This is because none of the residuary legatees named in Emma's will left their own "issue," or lineal descendants, who were eligible to take the residue of Emma's estate. Ida's four sons were not eligible because they were not "issue" of any member of the class. MCL 700.7; MSA 27.5007. Under the antilapse statute, therefore, there existed no "issue of the deceased devisee" eligible to take the residue of Emma's estate. MCL 700.134; MSA 27.5134.

Hence we conclude that, although the probate court did not clearly err when considering extrinsic evidence to determine Emma's testamentary intent and although the court did not clearly err when finding that Emma intended to create a class gift, the court did clearly err when finding that the residue of Emma's estate passed to her nephews under Martha's will. Because there were no survivors or issue of members of the class at the time the estate was created upon Emma's death in 1984, the residue of Emma's estate must pass intestate, allowing one-half to Hattie and one-half to Emma's four nephews for division among themselves.

Reversed.

as a devisee for purposes of this section whether that person's death occurred before or after the execution of the will. [Emphasis added.]